JOHN STEWART *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—386.]

**Criminal Law—Charging Former Conviction.**

> When it is sought to increase the punishment of one accused of felony on the ground of his former conviction of felony, the former conviction must be alleged as well as proven; and where no such allegation is made in the indictment, it is error for the court to charge the jury that it might find that there had been a former conviction.

APPEAL FROM McCRACKEN CIRCUIT COURT.

April 7, 1881.

OPINION BY JUDGE HARGIS:

The indictment does not allege that the accused had been formerly convicted of a felony. It is entirely silent on that subject, yet under the instructions authorizing the findings, the jury found the accused guilty of the offense charged in the indictment, and that he had been formerly convicted of a felony, and fixed his punishment at double the term of the first conviction.

This court held in the case of *Carter v. Commonwealth*, 11 Ky. Opin. 92, that the former conviction must be alleged as well as proved, and for that reason the instructions and verdict were erroneous. See also *Mount v. Commonwealth*, 2 Duv. (Ky.) 93. The court properly rejected the pardon offered in evidence by the accused, because it was incompetent for any purpose, as was held in the last case cited, to which we adhere as good law.

Wherefore the judgment is *reversed* and cause remanded with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.

*Jas. Campbell, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Herndon v. Commonwealth*, 105 Ky. 197, 20 Ky. L. 1114, 48 S. W. 989; *Hall v. Commonwealth*, 106 Ky. 894, 21 Ky. L. 520, 51 S. W. 814.]