Rector v. The Commonwealth.

CASE 89—INDICTMENT—OCTOBER 24, 1882.

## Rector v. The Commonwealth.

APPEAL FROM KNOX CIRCUIT COURT.

1. So much of appellant's statement as charged himself with dividing money alleged to have been stolen with another should have been excluded, because improperly obtained from him.

2. It does not appear by the bill of exceptions that the records of two previous convictions of appellant for felony were read to the jury. Without such record evidence, the jury could not properly find a verdict for confinement in the penitentiary for life.

3. It was the duty of the court so to instruct the jury as to enable them to find the fact of former convictions separately from their verdict upon the pending charge, as the court could not properly render judgment for the increased penalty unless such facts were found by the jury.

JOHN H. WILSON, J. N. BRAFFORD, AND S. B. DISHMAN FOR APPELLANT.

1. The indictment is insufficient.

2. It was the duty of the court to instruct the jury to find appellant either guilty or not guilty, as the two alleged former convictions were a matter separate from the pending charge.

3. The fourth instruction is misleading, because it substantially tells the jury that they must believe the evidence of the witness Foley. (Criminal Code, sec. 258.)

Rector v. The Commonwealth.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.
1. The court committed no error in admitting the voluntary confessions of appellant.
2. The record plainly shows that appellant had been twice convicted of a felony.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant was indicted for the offense of grand larceny.

Upon a trial he was convicted. The verdict of the jury fixed his punishment at confinement in the penitentiary for his natural life, and the court, by its judgment, sentenced him in pursuance of the verdict.

From the judgment he prosecutes this appeal.

The indictment charged him with the offense of grand larceny, and stated the facts constituting the offense, and in addition thereto, alleged that he had been twice convicted and sentenced to the penitentiary from the county of Madison on a charge of grand larceny.

He demurred to the indictment, and the court properly overruled it.

As the instructions, so far as given, are unobjectionable, the only errors relied on by the appellant, which will be considered, are those relating—

*First.* To the admission of evidence alleged to be incompetent.

*Second.* To the failure of the court, by proper instructions, to require the jury to find whether the appellant had been twice convicted of felony, and to the judgment of the court on the verdict in the form it was delivered.

Francis Rees testified that $393.50 in gold, and thirty or forty dollars in paper, were stolen from his bureau drawer, and while the appellant and Stedham were under guard on their way to the county of Knox, where the money was stolen,

and whence they had fled, that "both told him where the money was hid, and how they had divided it," and he found $3 and the sack his money was in when it was stolen where appellant said some of the money was hid, and that he found $300 in gold where Stedham told him the money was; that "he had held out the promise to Rector and Stedham, if they would tell him where the money was, that he would not prosecute *him* heavy, and told Rector it would go better with him to tell him where the money was; that all he wanted was his money, and if Rector would tell him where it was he would not prosecute him hard, or get the record from Madison county."

Another witness testified that Rees was excited, and asked the guards, in the presence of the prisoners, what they would take to turn them over to him.

An exception was taken by the appellant to Rees' evidence; the court, however, permitted it to go to the jury.

It is a general rule that confessions which are induced by hopes or fears raised by the promise or threats of the prosecutor, or of any person having authority over the prisoner at the time, are not considered voluntary, but as having been made under mental duress, and therefore not competent.

And while the confession or statements of appellant made to the witness Rees, under the circumstances detailed above, cannot be considered as having been voluntarily made, yet what he said about the place of the concealment of the money, with the fact of the subsequent discovery, is admissible, for to that extent the statement was found to be true.

But that part of his statement charging himself with dividing the money with Stedham, and explaining how it was divided, should have been excluded.

Judge Golden testified that he held the examining court at which the appellant was tried and held over, and that he "plead guilty." This evidence was also objected to. Although it is made the duty of the magistrate by the statute to keep minutes of the examining trial of a person accused of felony, yet there is no reason which we can perceive why his confession or plea of guilt, when voluntarily made, may not be proven by oral testimony, a copy of the minutes of an examining trial not being conclusive of the guilt, or evidence that may be used in any future trial of the accused.

Section 12, article 1, chapter 29, General Statutes, provides that "every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction: and if convicted a third time of felony he shall be confined in the penitentiary during life. Judgment in such cases shall not be given for the increased penalty, unless the jury shall find, from *record and other* competent evidence, the fact of former convictions for felony committed by the prisoner in or out of this State."

It was the duty of the court to so instruct the jury as to enable them to find the fact of former convictions separate from their verdict as to the guilt or innocence of the accused of the pending charge, as the court could not give judgment for the increased penalty without such fact being found by the jury.

The finding of the jury in this case was, that "we find the defendant guilty, and fix his punishment at confinement in the state penitentiary during natural life."

This verdict does not disclose that the jury found "the fact of former convictions."

And if it had, the evidence certified in the bill of exceptions would not have supported the finding.

· The only evidence embraced by the bill of exceptions is the admission of the appellant that he had been twice convicted of felony in Madison county—once for stealing a shot-gun, and another time for stealing cattle.

It is true that a copy of the record of two convictions for felony is copied into the transcript, which is before us, but it does not appear that the record of his convictions was read, or considered as having been read, in evidence to the jury.

And the statute quoted expressly provides that judgment shall not be given for the increased penalty unless the jury shall find, from *record and other competent evidence*, the fact of former convictions. The evidence introduced was competent to identify the appellant as the person convicted, but there being no *record* evidence of his former convictions, the case was not made out for the increased penalty.

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial, and for further proper proceedings.