CASE 19—INDICTMENT FOR FELONY—JANUARY 6

105 197
106 903
105 197
e113 232

# Herndon v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. CONSTITUTIONAL LAW—HABITUAL CRIMINAL ACT.—Section 1130 of the Kentucky Statutes imposing a life sentence in the penitentiary for the third conviction of a felony is not unconstitutional in imposing a second punishment for a former offense.
2. EFFECT OF PARDON.—The fact that the defendant was pardoned of the offense for which he was first convicted does not operate to prevent the imposition of a life sentence for the third conviction.
3. SAME—FORM OF THE VERDICT.—A verdict in form, "We, the jury, find the defendant, Ben Herndon, guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary for life" is a sufficient finding of the former convictions to warrant the imposition of a life sentence.

GEORGE DENNY, AND HOBBS & FARMER, FOR APPELLANT.

1. Section 1130 of the Kentucky Statutes providing a life sentence for a third conviction of felony is a violation of Sec. 13 of the Constitution, which provides that no person shall for the same offense be twice put in jeopardy of his life or limb. Jeopardy defined by Bouvier's Law Dictionary, vol. 1, p. 671; Encyclopedic

Dictionary, vol. 6, p. 2763; Webster's International Dictionary, p. 799. The maximum punishment prescribed for the offense for which the defendant was indicted was confinement in the penitentiary for five years. The statute which warrants confinement for the defendant's life time necessarily includes the punishment for the former convictions. The former rulings of this court holding the act in question constitutional should be overruled.

2. The court erred in refusing to instruct the jury that if the Governor of the Commonwealth had pardoned the defendant of either one or both of the prior offenses, then they can not find the two former convictions. Section 77 of the Constitution of Kentucky; Webster's Dict., title "Pardon;" 2 Bouvier's Law Dict., p. 280.

3. The verdict of the jury failed to find the two former convictions, and the excessive punishment was only surplusage and the court only had power to render judgment for five years, and not upon the verdict. Ency. of Plead. & Practice, vol. 10, p. 180; People v. Campbell, 40 Cal., 129; Kirby v. State, 7 Yerg. (Tenn.) 239; Colbath v. State, 2 Tex. App., 391; Buster v. State, 42 Tex., 315; Dick v. State, 3 O. Stat., 89.

4. It was error to permit testimony of the former convictions. Livingston Sickles v. People, —— N. Y., ——.

W. S. TAYLOR, ATTORNEY-GENERAL, and M. H. THATCHER, FOR APPELLEE.

1. Section 1130 of the Kentucky Statutes is not unconstitutional. Chenowith v. Com., 11 Ky. Law Rep., 561; Combs v. Com., 14 Ky. Law Rep., 245; Mount v. Com., 2 Duv., 93.

2. A pardon of the defendant for the former offenses did not operate to relieve him of the increased penalty imposed upon the third conviction. Mount v. Com., 2 Duv., 93.

HOBBS & FARMER, and GEORGE DENNY, FOR APPELLANT IN A PETITION FOR A REHEARING.

1. The pardon of the governor of one of the former convictions obliterated said conviction and it can not be counted for one of the two offenses charged and contended to be proved. Anderson v. Com., Supreme Court of Ohio, ——, O. Stat., ——; Danforth's U. S. Digest, *ex parte* Garland, 4 Wall., 333; 95 U. S., 149.

2. It was the duty of the court to so instruct the jury as to enable them to find the fact of former convictions separately from their

verdict as to the guilt or innocence of the accused of the pending charge. Rector v. Com., 80 Ky.; 468.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

The appellant. Ben Herndon, was tried and convicted in the Fayette circuit court on June 21, 1893, of the crime of housebreaking, and sentenced to three years in the penitentiary. On July 2, 1895, he was pardoned by the Governor for this crime. Afterwards, and at the April term of the same court, 1897, he was tried and convicted of the crime of maliciously shooting John Jackson, and his punishment fixed at one year in the penitentiary. After all this, at the September term, 1898, he was again indicted in the Fayette circuit court of the crime of maliciously shooting and wounding Dabney Carr, this indictment setting up his two previous convictions of felony. He was found guilty, and his punishment, pursuant to section 1130, Ky. Stat., was fixed at confinement in the penitentiary for life. From this judgment he appeals to this court, insisting that the statute referred to is unconstitutional.

The ground upon which the validity of the statute is assailed is that the increased punishment, by reason of the former convictions, is, in effect, a punishment a second time for offenses for which he has already been convicted and punished. But this is, in our judgment, not the effect of the statute. The increased punishment for a second or third conviction is simply the punishment for that offense, and the Legislature may well increase the punishment in such cases to prevent a repetition of offenses. This has been so often held that we do not regard it longer an open question. Taylor v. Com., 3 Ky. Law Rep., 783; Boggs v. Com., 9 Ky., L. R., 342, [5 S. W., 307]; Chenowith v. Com., 11 Ky., L. R., 561., [12 S. W., 585]; Combs v.

Com., 14 Ky., L. R., 245, [20 S. W., 268]; 1 Bish. Cr. Law, Secs., 959, 965.

It is also insisted that appellant is not liable for the increased penalty imposed by the statute on a third conviction of felony by reason of the fact that he was pardoned by the Governor of the crime of which he was first convicted, and an instruction to this effect was asked and refused on the trial. This question was presented to this court in the case of Mount v. Com., 2 Duv., 93, where it was held that the pardon had not this effect. The court said: "The pardon relieved the convict of the entire penalty incurred by the offense pardoned, and nothing else or more. It neither did nor could relieve from any penal consequence resulting from a different offense, committed after the pardon, and never pardoned. The increased punishment prescribed by the statute for the subsequent offense was no part of the penal consequences of the first offense, but applied exclusively to the last, as aggravated by its repetition of the same crime. The Legislature, as required by justice and policy, ought to have provided a severer punishment for repeated than for only one crime; and whether it had done so, by duplicating for a second offense the punishment of the first, or by any other measure of augmentation, can not be material. In any aspect, the augmented punishment is for the last, and not at all for the first, offense; and, of course, a pardon of the first could in no way or degree operate as a pardon of the last offense, or remission of any portion of the punishment denounced for the perpetration of it." This case was afterwards followed in Stewart v. Com., 2 Ky. Law Rep., 386, and it seems to us that the circuit court ruled properly in refusing the instruction asked.

The only other objection made that need be noticed

Herndon v. Commonwealth.

relates to the form of the verdict. It is insisted that the verdict is not sufficient, under the statute, to sustain the judgment. The statute is as follows: "Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction; and if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty, unless the jury shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this State." Ky. Stat., Sec. 1130. The court below instructed the jury that, if they found the defendant guilty of malicious shooting, they should fix his punishment at confinement in the penitentiary for not less than one nor more than five years, unless they also found that he had been twice previously convicted of felony, as alleged in the indictment, in which case, if they found him guilty, they should fix his punishment at confinement in the penitentiary for life. Under these instructions the jury returned this verdict, "We, the jury, find the defendant, Ben Herndon, guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary for life." It is insisted that, under the statute, the jury should find the fact of the former convictions, and that this verdict is not sufficient in this respect. But, under the instructions of the court, the jury could not have found their verdict in any other form than they did. Their finding the defendant guilty as charged in the indictment, and fixing his punishment at confinement in the penitentiary for life, was in effect, under the instructions, a finding of the former convictions. The purpose of the statute was to guar-

antee to the defendant a trial by jury on this question, and this appellant has had.    There was no doubt of the two previous convictions.    Under the evidence, the jury could not have found otherwise, and we do not think the defendant's substantial rights have been prejudiced.    The judgment below must, therefore, be affirmed.    The whole court considered this case.