CASE 33—GEORGE OLIVER WAS CONVICTED OF THE OFFENSE OF MALI-
CIOUSLY CUTTING AND WOUNDING ANOTHER WITH INTENT TO KILL
AND HE APPEALS.—MAY 1.

# Oliver v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

DEFENDANT APPEALS.　AFFIRMED.

CRIMINAL LAW—INCREASED PENALTY ON SECOND CONVICTION—SUF-
FICIENCY OF INDICTMENT—VERDICT.

Held:　1. Where an indictment for a felony charged that in a cer-
tain court on a certain day defendant was indicted for the crime
of maliciously shooting at and wounding another, "with inte"
a felony punishable under the laws of the State of Kentucky by
confinement in the penitentiary, and that on a certain day he
was found guilty of that offense by the verdict of a jury, and his
punishment· fixed at confinement in the State penitentiary for
the term of five years, and that afterwards on a certain day
judgment was rendered upon that verdict, and that the verdict
and judgment are still in force, the number and style of the
case being given, it sufficiently appeared from the indictment
that defendant had previously been convicted of a felony, and
the case in which the conviction took place was sufficiently iden-
tified, though the full statutory name of the offense was not
given.

2. As the court instructed the jury that it should fix defendant's
term of confinement at ten years years only in the event they
found that he had been previously convicted of a felony as
charged in the indictment," a verdict finding "the defendant guilty
as charged in the indictment," and fixing "his punishment at ten
years in the penitentiary," was a sufficient finding of the pre-
vious conviction to authorize the increased penalty, though
the statute provides that "judgment in such cases shall not be
given for the increased penalty unless the jury shall find, from
record and other competent evidence, the fact of former convic-
tions for felony."

WALTER DARBY, ATTORNEY FOR APPELLANT.

This appeal is prosecuted for review of the two following
points:

1. The demurrer to the second count of the indictment

which sought to charge a previous conviction for a felony. It is alleged in this count that the defendant had beein indicted and convicted in the Jefferson circuit court of the offense of "malicious cutting and wounding with inte," and this is the only description upon the face of this indictment. It does not describe the offense of maliciously cutting and wounding another with intent to kill him, which offense is stated, however, in an indictment that was brought forward in evidence at the trial, over the objection of the defendant.

The statute allowing this increased penalty, although it has been held to be constitutional, is one of the exceptional provisions of the law, which, above all things, requires to be pleaded and proved with absolute strictness and certainty. Upon the principle that all ambiguities of pleading are resolved against the pleader, the demurrer to this count ought to have been sustained.

2. The verdict of the jury is void. "We, the jury, find the defendant guilty as charged in the indictment, and fix his punishment at ten years in the penitentiary." The maximum punishment for malicious cutting is five years imprisonment. This is not a lawful verdict, for the jury does not find the fact of a previous conviction.    Kentucky Statutes, sec. 1130; Chenowith v Com., 11 R., 561; Rector v. Com., 80 Ky., 468.

CLIFTON J. PRATT, ATTORNEY GENERAL, FOR COMMONWEALTH.

*First, The Demurrer.*.

It is not claimed by appellant's counsel that the indictment is wanting in any essential averments, except the failure to set out in a certain and definite way the previous offense.   The words "to kill" are omitted in setting out the previous offense. It has been held that "An indictment for a second offense must contain allegations sufficient to show the time, court or county in which the former judgment was rendered, and that the court before which the conviction for the first offense took place, had jurisdiction therein." Am. & Eng Enc. of Law, vol 10, page 569.

There was enough stated without the omitted words to show the offense which had been previously committed, and appellant had ample notice to enable him to prepare his defense.

*Second, The Verdict.*

The jury in this case did not say in apt words that the appellant had been previously convicted of a felony. The record of the first trial shows that the appellant was adjudged guilty of willful and malicious cutting with intent to kill and his pun-

ishment fixed at five years in the State penitentiary. The ver-
dict in the last trial fixes his punishment at ten years and
by so doing the jury substantially said he had been previously
convicted. Stewart v. Com., 2 R., 396; Bishop Crim. Law,
vol. 1, sec. 961; Kentucky Statutes, sec. 1166, 1130; A. & E. Ency.
Law, vol. 10, page 569.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant was indicted by the Jefferson circuit court
for the crime of maliciously cutting and wounding Sallie
Thomas with intent to kill, and it was charged in the indict-
ment that he had previously been tried for the crime
of malicious shooting, and had been convicted, and his
punishment fixed at confinement in the penitentiary for five
years. The jury returned the following verdict: "We, the
jury, find the defendant guilty as charged in the indictment,
and fix his punishment at ten years in the penitentiary."
The court entered judgment on the verdict. Appellant
insists that the indictment is insufficient to sustain the ver-
dict or to warrant a conviction for twice the time of the
first sentence, and that the verdict is insufficient under
the statute. The part of the indictment which refers to
the previous conviction is in these words: "The grand
jurors of the county of Jefferson, in the name and by the
authority of the Commonwealth of Kentucky, accuse
George Oliver, alias George Glass, further, and say that the
said George Oliver, alias George Glass, was in the Jefferson
circuit court of Jefferson county, Kentucky, at its Octo-
ber term, A. D. 1892, to-wit, on the 14th day of Octo-
ber, A. D. 1892, indicted by the grand jurors of said
county of the crime of maliciously shooting at and wound-
ing another with inte, a felony punishable under the laws of
the State of Kentucky by confinement in the penitentiary;
and at the February term of said court, to-wit, on the 14th

day of February, A. D. 1893, was found guilty of said offense by the verdict of a jury duly impaneled in and sworn by said court to try said cause, and by the verdict of said jury his punishment was fixed at confinement in the State penitentiary for the term of five years; and afterwards, to-wit, on the 14th day of March, 1893, the judgment of said court was rendered upon said verdict, whereby said Oliver, alias Glass, was sentenced to confinement in the State penitentiary in the State of Kentucky at hard labor for a period of five years; which said verdict of the jury and judgment of said court aforesaid thereupon became and has ever since been in full force and effect, and has not been, and is not, vacated, modified, set aside, or appealed from, as will fully appear from the record of said case in the office of the clerk of said court and filed herewith, and numbered 15839, and styled the Commonwealth of Kentucy v. George Glass, alias George Johnson; and said George Glass, alias George Johnson, is the same person as the accused herein, George Oliver, alias George Glass,—contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

Section 122, Cr. Code Prac., requires an indictment to state the facts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case. The previous conviction is sufficiently identified to comply with this rule. The court, the time when the indictment was returned, the date of the trial and the date of the judgment, as well as the number of the action and its style, are particularly set out. This identified the

case in which the conviction took place, so that the defend-
ant could not be misled. If we disregard entirely the
words "with inte," we have left the statement that he was
indicted for the crime of malicious shooting at and wound-
ing another," and that he was convicted by the jury and
sentenced by the court to confinement in the State peni-
tentiary for a period of five years, and that the verdict
and judgment are in full force and effect. By section 1127,
Kentucky Statutes, offenses that are punishable with con-·
finement in the penitentiary are felonies. It thus appears
that appellant was convicted of a felony. Besides, the
crime punished by section 1166, Kentucky Statutes, is fre-
quently designated as malicious shooting or wounding, and
such a designation would be sufficient to apprise the de-
fendant of what was meant, when taken in connection with
the other facts stated. The case of Herndon v. Com., 105
Ky., 197 (20 R., 1114) (48 S. W., 989) seems conclusive as
to the sufficiency of the verdict. There this court said in
a case like this: "The only other objection made that need
be noticed relates to the form of the verdict. It is insisted
that the verdict is not sufficient under the statute to sustain
the judgment. The statute is as follows: 'Every person
convicted a second time of felony, the punishment of which .
is confinement in the penitentiary, shall be confined in the
penitentiary not less than double the time of the first con-
viction; and if convicted a third time of felony, he shall
be confined in the penitentiary during his life. Judgment
in such cases shall not be given for the increased penalty
unless the jury shall find, from record and other competent
evidence, the fact of former convictions for felony commit-
ted by the prisoner in or out of this State.' The court be-
low instructed the jury that if they found the defendant
guilty of malicious shooting they should fix his punish-

ment at confinement in the penitentiary for not less than one nor more than five years, unless they also found that he had been twice previously convicted of felony, as alleged in the indictment; in which case, if they found him guilty, they should fix his punishment at confinement in the penitentiary for life. Under these instructions the jury returned this verdict: 'We, the jury, find the defendant, Ben Herndon, guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary for life.' It is insisted that under the statute the jury should find the fact of the former convictions, and that this verdict is not sufficient in this respect. But under the instructions of the court, the jury could not have found their verdict returned this verdict· 'We, the jury, find the defendant, ant guilty as charged in the indictment, and fixing his punishment at confinement in the penitentiary for life, was, in effect, under the intructions, a finding of the former convictions. The purpose of the statute was to guaranty to the defendant a trial by jury on this question, and this appellant has had. There was no doubt of the two previous convictions. Under the evidence the jury could not have found otherwise, and we do not think the defendant's substantial rights have been prejudiced."

Judgment affirmed.