## Knipp v. Commonwealth.

(Decided September 29, 1914.)

### Appeal from Warren Circuit Court.

1. Judgment—Newly Discovered Evidence—Diligence.—A judgment will not be reversed for newly discovered evidence which is not decisive in character, or where it is not shown that proper diligence was used to obtain the evidence.

2. Judgment—When Will Not Be Reversed.—A judgment will not be reversed on the ground that it is against the evidence unless it is palpably against the evidence.

RODES & WALLACE for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Ed. Knipp was indicted in the Warren Circuit Court charged with robbery, and having been found guilty, and sentenced to the penitentiary, he appeals.

It is insisted for him that the evidence does not warrant the judgment, and that a new trial should have been granted on account of newly discovered evidence. There was sufficient evidence to take the case to the jury, and we can not say that the verdict of the jury is so palpably against the evidence as to warrant us in disturbing it. The newly discovered evidence goes mainly to

impeach the witnesses for the Commonwealth. The rule is that a new trial will not be granted for newly discovered evidence which is not decisive in character, and which merely goes to impeach a witness. In addition to this, the showing made here as to diligence in obtaining the testimony is not sufficient. The newly discovered evidence consists of the testimony of William Stamps and W. O. Holland. There is in the ground for new trial an explanation why Stamps was not present at the trial; but there is in the record no evidence showing that these facts occurred. Holland's testimony goes to contradict the Commonwealth's witness, J. B. Runner, who was introduced in rebuttal; but Runner showed in his testimony that Holland was present, and ordinary diligence required the defendant to make some effort to get Runner before closing his case; for if his own testimony was true, he had reason to know what he could prove by Holland.

Judgment affirmed.