## Fleming v. Commonwealth.

(Decided May 15, 1917.)

### Appeal from Floyd Circuit Court.

1. Homicide—Former Conviction.—To authorize the imposition of the aggravated punishment under section 1130 of the Kentucky Statutes, which provides an increased penalty for one convicted a second time of a felony punished by confinement in the penitentiary, it is only necessary to plead and prove the fact of the former conviction, and the facts constituting the former offense need neither be pleaded nor proven, and where the defendant in a criminal prosecution for murder had theretofore been convicted of murder, it was unnecessary in the second action to plead or prove the name of the victim of the former crime.

2. Homicide—Dying Declarations.—A statement made by the victim of a homicide with reference to the cause of his death, which statement was made in the presence of several witnesses a few hours before his death, and after he had declared that he had abandoned

all hope of recovery, was competent evidence against one accused of the homicide.

3.    Criminal Law—Arrest—Instructions.—Where defendant claimed to have shot the deceased in an attempt to arrest him for a public offense committed in the presence of defendant, a peace officer, an instruction which told the jury that a peace officer might make an arrest in obedience to a warrant delivered to him, or without a warrant, if a public offense was committed in his presence or if defendant had reasonable grounds to believe deceased had committed a felony, was not prejudicially erroneous.

4.    Criminal Law—Arrest—Instructions.—An instruction was given telling the jury that defendant should be acquitted if they believed from the evidence that he, in a lawful attempt to arrest decedent, was met with such resistance as to put him or another in danger of death or great bodily harm, either real or to him apparent, and the appellant used only such force as was necessary, or to him appeared to be necessary, to overcome such resistance. This instruction was qualified by another instruction which told the jury that, although defendant was a deputy sheriff, he had no right to arrest the deceased without a warrant, unless he had committed a public offense in defendant's presence. Held, that the evidence showing that defendant did not have a warrant for the deceased's arrest, and there being no proof of reasonable grounds to believe that the deceased was guilty of a felony these instructions were not prejudicial to defendant.

5.    Criminal Law—Arrest—Instructions.—An instruction that if the jury should believe, beyond a reasonable doubt, that defendant was using his office as deputy sheriff as a mere pretext to enable him to get deceased in custody, for the purpose of doing him great bodily harm, in that event deceased had the right to resist the arrest so attempted and to use such means as reasonably appeared to him to be necessary to prevent defendant from taking him in custody, the facts authorizing the jury to so find, was proper.

6.    Criminal Law—Self-defense—Instructions.—It is proper to qualify the self-defense instruction if there is evidence to show that defendant began the difficulty.

7.    Criminal Law—New Trial.—To authorize a new trial upon the ground of newly discovered evidence, it is necessary that the motion be supported by the affidavit of the newly discovered witness or by some other evidence than the affidavit of the accused.

HARKINS & HARKINS, HOPKINS & HOPKINS and JAMES & WILLIAMS for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant was jointly indicted, with Solomon Johnson, by the grand jury of Floyd county, charging them with the crime of having murdered Sidney Tackitt.

The indictment also charged, that appellant, on the 27th day of February, 1901, had been convicted, in the Letcher circuit court, of the crime of willful murder, and his punishment fixed at confinement in the state penitentiary for life.

Appellant moved for a separate trial, which was granted, resulting in a verdict finding him guilty of murder and fixing his punishment at confinement in the state penitentiary for life. Motion and grounds for a new trial were filed and overruled, and judgment was pronounced in accordance with the verdict rendered, from which judgment this appeal is prosecuted.

1. The first complaint is, that the court erred in overruling the demurrer to the indictment. The objection to the indictment is, that it fails to allege the name of the person he was charged and convicted of having murdered in Letcher county previous to the alleged killing of Tackitt.

By section 1130 of the Kentucky Statutes it is provided that every person convicted a second time of a felony, the punishment of which is fixed at confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction; but the former conviction must be alleged and proven. Stewart v. Commonwealth, 2 Ky. Law Rep. 386.

Section 122 of the Criminal Code provides, that, in stating the acts constituting an offense, it must be done in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. In the case of Oliver v. Commonwealth, 113 Ky. 228, this court approved an indictment quite similar to this one and charging the same offense.

The indictment in that portion of same to which objection is made was not charging the appellant with the commission of murder in Letcher county, but was charging him with having been convicted, in Letcher county, of a felony, the punishment of which was confinement in the penitentiary. It was not necessary to state the facts constituting the former offense, but only the facts of the former conviction, and that was done fully and exactly. This was all that was necessary, and the demurrer was properly overruled.

2. It is also contended, that the evidence was insufficient, and that the motion for a peremptory instruction should have been sustained.

The only basis for this contention is, that the evidence failed to show who it was that the defendant was convicted, in Letcher circuit court, of having murdered; but, having held that' it was unnecessary to make this allegation in the indictment, it was likewise unnecessary to prove it. But even if this were not true, there was plenty of evidence to submit the case to the jury upon the question of appellant's guilt upon the charge of having murdered Sidney Tackitt, without reference to the former conviction, which only affected the question of his punishment.

3. It is insisted that the court erred in the admission of the dying statement of Tackitt; but there is no merit in the contention. The statement was made in the presence of four witnesses, one of whom was the attending physician. Tackitt was shot by appellant on September 4th, 1915, with a shot gun, the load striking his right arm, shattering the bone, and a part of the shot entered his chest just below the armpit. The declaration was made on the morning of September 8th, 1915, after the deceased had declared that he had abandoned all hope of recovery and knew that he must die. He did die that night or the next, and every condition necessary to make the statement competent as a dying declaration seems to have been fully satisfied. Alsop v. Commonwealth, 164 Ky. 171; Allen v. Commonwealth, 168 Ky. 325; Cavanaugh v. Commonwealth, 172 Ky. 799; Postell v. Commonwealth, 174 Ky. 272.

4. Objections are urged to the fifth, sixth, seventh, eighth and ninth instructions, given by the court over appellant's objection.

Appellant was a deputy sheriff of Floyd county and claimed that at the time of the killing, he was attempting to arrest decedent, who was a constable in an adjoining county, upon a charge of carrying a deadly weapon concealed. He also made some claim of having a warrant for decedent's arrest upon other charges, but finally admitted, upon cross-examination, that he did not have any warrant, and claimed he was attempting to make the arrest for the offense of carrying concealed, deadly weapons, committed in his presence, although even as to this contention he was contradicted by much evidence. There was much evidence to show that bad feeling existed between the parties, and that the diffi-

culty grew out of a personal controversy over a pair of handcuffs and some court costs.

The fifth instruction told the jury, that a peace officer may make an arrest in obedience to a warrant delivered to him, or, without a warrant, when a public offense is committed in his presence or when he has reasonable grounds for believing that the person about to be arrested has committed a felony.

There can be no criticism of the instruction, as a statement of the law; and, as appellant was relying upon his being a peace officer, engaged in the discharge of his duties as such at the time of the killing, it was necessary for the court, upon appellant's behalf, to inform the jury of his right to make the arrest. The only objection that could be made to the instruction is, that it was improper to inform the jury that an officer might make an arrest when he has reasonable grounds for believing that the person about to be arrested has committed a felony, because there was no evidence that appellant had any such information, or that deceased had committed a felony; but this, if error, was not prejudicial in any way to the appellant.

All of the objections to the other instructions are based upon an assumption that the following facts are established by the evidence: first, that appellant was engaged in the discharge of an official duty at the time of the difficulty; second, that he had a warrant for the arrest of deceased; third, that decedent had committed a public offense in the presence of appellant. But, as a matter of fact, each of these questions was sharply at issue with the evidence, and the instructions objected to simply submitted to the jury these questions of fact, with appropriate instructions for their guidance under the different states of fact.

Instruction No. 6 authorized the acquittal of the appellant, if the jury believed from the evidence that he, in a lawful attempt to arrest decedent, was met with such resistance as to put either the appellant or Solomon Johnson in danger of death or great bodily harm, either real or to him apparent, and the appellant used only such force as was necessary, or to him appeared to be necessary, to overcome such resistance; but that, if the jury should believe and find under the seventh instruction, then this instruction did not apply.

The seventh instruction told the jury, that, although the appellant was a deputy sheriff at the time of the difficulty, he had no right to arrest decedent without a warrant, unless he had at the time committed a public offense in his presence.

Both of these instructions are proper in form, and it was of course proper to qualify the sixth instruction by the seventh, because, although appellant was a peace officer, that fact did not give him the right to attempt to arrest the decedent without a warrant unless he had committed a public offense in appellant's presence.

The eighth instruction told the jury that if they should believe, beyond a reasonable doubt, that appellant was using his position as deputy sheriff, in attempting to arrest deceased, as a mere pretext to enable him to get deceased in custody, for the purpose of doing him great bodily harm, in that event deceased had the right to resist the arrest so attempted, and to use such means as reasonably appeared to him to be necessary to prevent the appellant from taking him in custody.

Instruction No. 9 qualified the appellant's right of self-defense, if he unlawfully began the difficulty.

We find no error in the form of any of these instructions; in fact, counsel for appellant does not offer objection to the form of any of them, but questions simply the propriety of their being given under the proof; but the facts were clearly at issue upon the questions submitted in each of these instructions, and were for the jury to decide. Hinton v. Commonwealth, 134 Ky. 511; Knipp v. Commonwealth, 159 Ky. 775; Cavanaugh v. Commonwealth, supra; Lindle v. Commonwealth, 111 Ky. 866; Reed v. Commonwealth, 125 Ky. 126; Newson v. Commonwealth, 171 Ky. 333.

5. The last error alleged is, that the court should have granted appellant a new trial upon the ground of newly discovered evidence.

It is needless to discuss this complaint further than to say, that in support of his motion appellant filed only his own affidavit, and did not file the affidavit of the alleged newly discovered witness, in support thereof. This being true, the court committed no error in overruling the motion. Woodford v. Commonwealth, 154 Ky. 818; Bowling v. Commonwealth, 148 Ky. 9.

Wherefore, the judgment is affirmed.