## Green v. Commonwealth.

(Decided March 2, 1926.)

### Appeal from Bell Circuit Court.

1. **Criminal Law—Verdict Held to Contain Sufficient Findings of Fact as to Former Convictions to Sustain Imposition of Life Sentence (Ky. Stats., Section 1130).**—In prosecution under indictment charging grand larceny and two previous convictions of felony, verdict that accused was guilty as charged in indictment, and should be punished by life imprisonment, sufficiently found facts

of two former convictions to justify such punishment under Ky. Stats., section 1130.

2. Indictment and Information—Indictment Charging Stealing Two Watches from Same Person, One of which Belonged to His Father, Held Not Subject to Motion to Require State to Elect.—Indictment charging stealing two watches from same person, one of which belonged to his father, was not subject to motion to require state to elect on which offense it would rely, as such indictment charged only one offense.

3. Larceny—Failure to Instruct on Petit Larceny, in Absence of Evidence that Value of Goods Taken was Less than $20.00, Held Not Error.—In prosecution for larceny of watches, where there was no evidence that their value was less than $20.00, failure to instruct on question of petit larceny was not error.

4. Criminal Law—Admitting Evidence by Circuit Clerk from Records of Office that Accused had Been Convicted Two Times Before for Felony Held Error (Ky. Stats., Section 1130).—In prosecution for grand larceny, permitting state to prove, by records from office of circuit clerk, that accused had twice before been convicted of felony, so as to subject him to penalty of life imprisonment under Ky. Stats., section 1130, requiring jury to find from record and other competent evidence that accused was twice before convicted of felony, was error.

W. W. POINTS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Reversing.

The indictment herein charged appellant with grand larceny and two previous convictions of a felony. He was convicted and given a life sentence in the penitentiary as is permitted by section 1130 of the statutes upon a third conviction of a felony. That section provides that judgment shall not be given for the increased penalty "unless the jury shall find from the record and other competent evidence that fact of former convictions for felony committed by the prisoner in or out of the state." The verdict in this case reads: "We, the jury, do agree and find the defendant guilty as charged in the indictment and fix his punishment in the state penitentiary for the period of his natural life."

It is earnestly insisted that this verdict does not find the fact of the alleged former convictions and therefore does not comply with the above provision of the statute so as to sustain the judgment for life imprisonment. It

is true that it was held in Rector v. Commonwealth, 80 Ky. 468, 4 R. 323, that a like verdict did not sufficiently comply with the statutory provision to warrant a judgment for the increased penalty based on former convictions; but in Herndon v. Commonwealth, 105 Ky. 197, 48 S. W. 989, the court again had the precise question before it and there held without reference to the Rector opinion that such a a verdict as the one here was a sufficient finding of fact with reference to the former convictions to warrant the imposition of a life sentence, since under the instructions the jury could not have imposed such a penalty unless they found as a fact the defendant had been previously convicted as charged in the indictment.  The same question was again before this court in Oliver v. Commonwealth, 113 Ky. 228, 67 S. W. 983, and although the court's attention was there called to the Rector opinion by the brief of counsel for appellant the contrary holding in the Herndon case with the reasons given in support thereof was expressly approved and followed.  In Lucas v. Commonwealth, 142 Ky. 416, 134 S. W. 456, the court approved and followed the Herndon and Oliver opinions without reference to the Rector case, and said the question was no longer an open one.  The Rector opinion cannot therefore be considered as authoritative, and the contention based thereon must be overruled.

Complaint is also made of the indictment upon the ground that it does not sufficiently allege the particular facts constituting the offenses for which appellant was previously convicted.  The indictment, however, avers the fact of two previous convictions in the manner and quite as fully as did the indictment copied into and approved in the Oliver case *supra*.  The court in Fleming v. Commonwealth, 175 Ky. 655, 194 S. W. 788, again approved a like indictment and expressly held that "it was not necessary to state the facts constituting the former offenses but only the fact of the former convictions and that was done fully and exactly.  This was all that was necessary and the demurrer was properly overruled."

It also is insisted that the court erred in overruling defendant's motion to require the Commonwealth to elect which charge it would prosecute.  This motion was based upon the fact that defendant was charged with stealing two watches from the possession of Dan E. Bingham and that one of them belonged to his father and the other to his son.  The court did not err in overruling

the motion as only one offense was charged. It was charged that both watches were taken at the same time and place and from the party rightfully in possession of them. "The fact that the various articles may have belonged to different persons is entirely immaterial, the question being merely whether they were taken at the same time, from the same place and as the result of a single criminal purpose or impulse." Gregory's Criminal Law, page 285.

Another insistence is that the court erred in not instructing the jury upon the question of petit larceny. There was, however, no evidence that the value of the watches was less than $20.00. Indeed the only witness who testified as to the value fixed it at $30.00. If there had been evidence that the value of the watches was less than $20.00, it would have been the duty of the court to instruct upon the subject of petit larceny. But, as held in the case of Wellman v. Commonwealth, 181 Ky. 346, 205 S. W. 328, such an instruction should not be given if there is no evidence that the value of the stolen property was less than $20.00.

We come now to a consideration of the evidence of the alleged former convictions, all of which it is urged was incompetent. If this be true its admission over defendant's objections and exceptions was clearly prejudicial. The Commonwealth introduced the circuit clerk and proved by him that the records in his office showed that the defendant had been previously indicted, convicted and sentenced to the penitentiary, first for house-breaking and later for obtaining money under false pretenses; but none of these records was introduced or read to the jury. This was held to be reversible error in Blair v. Commonwealth, 171 Ky. 319, 188 S. W. 390. It will be noticed that the statute *supra* requires that the jury shall find "from the record and other competent evidence" the fact of former convictions. That fact was not so proven here. The testimony of the circuit clerk of facts evidenced by the records of his office was secondary evidence of those facts and therefore not only clearly incompetent under general rules of evidence but wholly insufficient to comply with the express requirement of the above statutory provisions.

Wherefore, the judgment is reversed and the cause remanded for another trial not inconsistent herewith.