## Sullivan v. Commonwealth.

(Decided January 31, 1928.)

## Appeal from Russell Circuit Court.

1. Criminal Law.—Verdict fixing punishment on conviction of manufacturing whisky at two years in penitentiary at hard labor, as authorized on proof of prior conviction of same offense, held sufficient, though not expressly finding fact of former conviction.

2. Names.—The principle, "Identity of name is prima facie evidence of identity of person," prevails in Kentucky.

3. Names.—Identity of accused's name in previous indictment for manufacturing whisky with that of defendant in second indictment for same offense held sufficient to sustain conviction, in absence of evidence that persons were not the same, though no witness deposed that defendant was person previously tried and convicted.

BERTRAM & BERTRAM and R. E. LLOYD for appellant.

J. W. CAMMACK, Attorney General, and CLIFFORD E. SMITH, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant, Charlie Sullivan, has been found guilty of manufacturing whisky, and, this being the second offense, in accord with the verdict of the jury, has been adjudged to serve two years in the penitentiary at hard labor. Hence the appeal.

Appellant's contention, under authority of Rector v. Commonwealth, 80 Ky. 468, that the verdict in this case is not sufficient, because there is no express finding of the fact of former conviction, cannot be sustained. Green v. Commonwealth, 213 Ky. 323, 280 S. W. 1094, cites and comments upon the numerous opinions of this court rendered since that of Rector v. Commonwealth, supra, holding that a verdict, finding the defendant guilty "as charged in the indictment," and fixing the felonious punishment which was authorized by the instructions only in the event the jury believed from the evidence beyond a reasonable doubt the fact of the previous conviction, is a sufficint finding of the fact of previous conviction. Further it was said:

"The Rector opinion cannot, therefore, be considered as authoritative, and the contention based thereon must be overruled."

Appellant insists that the trial court erred in not directing his acquittal because the record contains no evidence that he is the same Charlie Sullivan who was the defendant in the previous prosecution, record of which was read to the jury to establish the fact of the previous conviction. Charlie Sullivan was being tried under an indictment which charged him with having committed the offense of manufacturing whisky unlawfully, after having previously been convicted of that offense. The evidence was ample to establish that he manufactured the whisky on the occasion named in the indictment, and there was none to the contrary. The record evidence of the previous indictment, trial, and conviction of Charlie Sullivan for the same offense was read to the jury. It is true that no witness deposed that the Charlie Sullivan then on trial was the same Charlie Sullivan previously tried and convicted. However, the principle, "Identity of name is prima facie evidence of identity of person," has long prevailed in this jurisdiction. See Cates v. Loftus, 3 A. K. Marsh. (10 Ky.) 202; Cobb v. Haynes, 8 B. Mon. (47 Ky.) 137; May et al. v. C. & O. Ry. Co., 184 Ky. 493, 212 S. W. 131. As applied in criminal cases, the principle was discussed at length in Belcher v. Commonwealth, 216 Ky. 126, 287 S. W. 550, in a case presenting the same facts exactly as here. Though no one in that case testified that the Arthur Belcher being tried was the same person who under that name had previously been convicted of possessing intoxicating liquors, it was held that identity of name was prima facie evidence of identity of person, and, there being no evidence to the contrary, the conviction was sustained. The opinion cites a formidable array of authority to support it. For the reasons advanced in the Belcher case, this contention of appellant must be overruled.

Appellant advances no other reason, and none appears from our consideration of the record, why the judgment should be reversed.

The judgment therefore will be affirmed.