## HARROD v. COMMONWEALTH OF KENTUCKY et al.
### Civ. A. No. 2604.

United States District Court
W. D. Kentucky, at Louisville.
June 23, 1953.

Otis Harrod, pro se.

J. D. Buckman, Jr., Atty. Gen. of Ky., for the Commonwealth.

SHELBOURNE, Chief Judge.

May 1, 1953, petitioner Otis Harrod filed his petition for a writ of habeas corpus. He is presently confined, under a judgment of the Jefferson Circuit Court, in the State Reformatory at LaGrange, Kentucky.

On June 29, 1948, petitioner was sentenced in the Jefferson Circuit Court to confinement "at hard labor for a term of his natural life".

He had been convicted by a jury under an indictment which charged store house breaking in December 1947 and his previous convictions in May 1936, June 1936, and June 1939 of other felonies.

The life sentence imposed was in accordance with the Habitual Criminal statute, KRS 431.190, which permits a life sentence as punishment for a third conviction of felony. Harrod appealed unsuccessfully from the judgment of that Court. This requirement is specific. United States Code Annotated, Title 28, Section 2254; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

The Court of Appeals of Kentucky, having no jurisdiction to hear in an original proceeding a petition for writ of habeas corpus, does not exhaust petitioner's remedies in the State Courts.

Petitioner should proceed, if he has a bona fide intention of having his present contention adjudicated by a State Court, by filing an appropriate petition in the proper Kentucky Circuit Court and prosecuting that action through the Court of Appeals and on to certiorari in the United States Supreme Court in the orderly manner provided for and outlined in Darr v. Burford, supra.

Petitioner's failure to bring his action in the proper State Court and to there exhaust his remedies, divests this Court of any jurisdiction to entertain the present petition.

However, the merits of petitioner's claim made here, that the Habitual Criminal Act imposes a punishment for status and not for crime, seems to have been many times adjudicated by the Court of Appeals of Kentucky. See Herndon v. Commonwealth, 105 Ky. 197, 48 S.W. 989, where the Court said:

"The ground upon which the validity of the statute is assailed is that the increased punishment, by reason of the former convictions, is, in effect, a punishment a second time for offenses for which he has already been convicted and punished. But this is, in our judg-

ment, not the effect of the statute. The increased punishment for a second or third conviction is simply the punishment for that offense, and the legislature may well increase the punishment in such cases to prevent a repetition of offenses. This has been so often held that we do not regard it longer an open question."

### Conclusion

1. Petitioner will be permitted to prosecute his petition for a writ of habeas corpus in forma pauperis.

2. This Court lacks jurisdiction to consider the petition in this case. U.S.C.A. Title 28, Section 2254; Darr v. Burford, supra.

An order dismissing the petition is this day entered.