**Roy TARRENCE, Petitioner,**

v.

**Jess BUCHANAN, Warden Kentucky State Penitentiary, Eddyville, Kentucky and Commonwealth of Kentucky Through its Attorney General, Respondents.**

**No. 2865.**

United States District Court
W. D. Kentucky, at Louisville.
Dec. 27, 1954.

Sandy Paniello, Louisville, Ky., for petitioner.

A. Scott Hamilton, Carl Ousley, Jr., Lawrence Higgins, Louisville, Ky., for respondents.

BROOKS, District Judge.

This is an application for a writ of habeas corpus under the provisions of Section 2241, Title 28 United States Code Annotated.

The petitioner, Roy Tarrence, was found guilty by a Kentucky jury of the murder of Francis J. McCormick, given a death sentence, and is now awaiting execution set for January 14, 1955. He is the father of Leonard Tarrence who pled guilty to the same crime and whose petition for a writ of habeas corpus was this day denied in this Court in 126 F.Supp. 752.

The hearings on the two petitions were joint. This petitioner advanced three grounds upon which he bases his claim that his constitutional rights have been violated. First, that the demurrer to the indictment should have been sustained by the state court, secondly, that the confession of his son to the crime for which they are both awaiting execution was obtained by fraud and that but for such fraud this petitioner would not have joined in the confession, and thirdly, that the verdict of the jury was coerced by keeping the jury at its deliberations for an unreasonable length of time.

The opinion this day rendered in the case of Leonard Tarrence disposes of the first two contentions of this petitioner and is adopted both as to findings of facts and conclusions of law as the opinion of the Court in this case.

The third and remaining contention of the petitioner is "that the trial of relator commenced on April 1, 1952, consumed approximately five volumes of testimony and voluminous exhibits. That on April 1, 1952, commencing at 9:00 a. m., the trial of this cause began, concluding at 10:00 p. m. that evening, whereupon the jury was sent to a second-rate hotel for the evening. The jury returned the following morning at 9:00 a. m. and the trial promptly resumed and continued until 10:45 p. m., at which time said jury was instructed as to the law of the case and sent to their jury room to begin their deliberation.

"The jury deliberated for six hours until 4:35 a. m., a period of approximately six hours. During said six hours, the Court instructed a deputy sheriff, Mr. Wayne Allison, to summon the jury back into the courtroom, and asked them if they were about to reach a verdict, and whether they would rather continue their deliberations or return to the hotel again for the night; that a few minutes before returning their verdict at 4:35 a. m., the Court instructed said deputy sheriff to inquire again if they were about to reach a verdict; that said sheriff told said jury that they were about to be returned to the hotel over-night if they did not agree on a verdict; that said sheriff reported back to the Court and informed said Court of what he had told the jury and of their answer; that this attorney requested said conversation between the deputy sheriff and the Court be transcribed and reported on the record by the official court stenographer; that said judge instructed the court stenographer not to record said occurrence and report; that such conversation which petitioner's counsel requested be transcribed was

prejudicial and of such a nature as coerced the jury into arriving at a verdict. This in view of the fact that said jury had reported to the Court their dislike and dissatisfaction with the accommodations furnished them the previous evening at a second-rate hotel."

This contention of the petitioner was considered by the trial judge both during the trial and on petitioner's motion for a new trial and decided adversely to him. It was denied after thorough consideration and comment by the Court of Appeals of Kentucky, Tarrence v. Commonwealth, 265 S.W.2d 40. It was also presented to the Supreme Court of the United States on petition for writ of certiorari, which writ was denied.

Having considered all of the relevant testimony contained in the transcripts of evidence, I adopt the findings of facts stated in the exacting opinion of the Court of Appeals of Kentucky relating to this occurrence of which the petitioner complains. It should also be noted that the affidavit of the deputy sheriff in charge of the jury which appears in the transcript of record states that the jurors themselves requested additional time to continue their deliberations and further that they were informed that the judge had arranged for them to spend the night at the Seelbach, one of Louisville's leading hotels.

The petitioner has been accorded a fair and just trial by the courts of the Commonwealth of Kentucky and the conclusions of law stated in the denial of the petition of Leonard Tarrence are controlling for the purpose of my decision in this case.

The petitioner awaiting execution under judgment of the Kentucky court is not in custody in violation of the Constitution or the laws of the United States within contemplation of Section 2241(c)(3) of Title 28, United States Code Annotated and is not entitled to his release as prayed.

The writ shall be vacated, the petition dismissed and the petitioner remanded to the respondent and the Kentucky authorities for further proceedings under the judgment of the state court. An appropriate order will be entered.