Leonard TARRENCE, Petitioner,

v.

Jess BUCHANAN, Warden Kentucky State Penitentiary, Eddyville, Kentucky and Commonwealth of Kentucky Through its Attorney General, Respondents.

No. 2866.

United States District Court
W. D. Kentucky, at Louisville.

Dec. 27, 1954.

See, also, 126 F.Supp. 750.

Sandy Paniello, Louisville, Ky., for petitioner.

A. Scott Hamilton, Carl Ousley, Jr., Lawrence Higgins, Louisville, Ky., for respondents.

BROOKS, District Judge.

This is an application for a writ of habeas corpus under the provisions of Section 2241, Title 28 United States Code Annotated.

The petitioner, Leonard Tarrence, entered a plea of guilty to the murder of Francis J. McCormick and in accordance with Kentucky law a jury was impaneled to fix the penalty, K.R.S. 431.130, 435.-010. Petitioner was given a death sentence and is awaiting execution set for January 14, 1955.

Petitioner now alleges that he is in custody in violation of the Constitution of the United States for the reason that the demurrer to the indictment should have been sustained by the state court because at the time of the return of the indictment the grand jury had been in session beyond the time allowed by statute; K.R.S. 29.240, and for the further reason that petitioner's confession to the crime was obtained by undue promises of leniency. At the preliminary hearing it was stipulated by counsel that the facts did not warrant reliance upon the first ground advanced and it has been abandoned, leaving only the issue of whether or not the confession introduced on petitioner's trial was voluntarily made by him.

Before the filing of the petition here, the judgment of the lower court was reviewed by the Kentucky Court of Appeals which affirmed said judgment on the 18th day of December, 1953. Tarrence v. Commonwealth, 265 S.W.2d 52. A petition for re-hearing in the Kentucky Court of Appeals was applied for and it was denied on the 19th day of March, 1954. Subsequently a petition for writ of certiorari was filed in the Supreme Court of the United States on the 16th day of June, 1954 and was denied on the 6th day of December, 1954. 75 S.Ct. 220. The petitioner has exhausted state remedies, Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

This Court took jurisdiction because "the use in a state criminal trial of a defendant's confession obtained by coercion—whether physical or mental—is forbidden by the Fourteenth Amendment", Leyra v. Denno, 347 U.S. 556, 74 S.Ct. 716, 717. This same accepted rule is recognized without question by Kentucky law. Rector v. Commonwealth, 80 Ky. 468, 4 Ky.Law Rep. 323; Hager v. Commonwealth, 300 Ky. 585, 189 S.W.2d 867.

A hearing was held in this Court and the petitioner testified in his own behalf, stating in effect that at the time he made his confession he was induced to do so by the promise of the Commonwealth's attorney that he would receive a life sentence. No additional testimony was taken at the hearing but there were introduced in evidence all the relevant portions of the transcripts of proceedings in the state courts. These records have been carefully considered together with the oral testimony of the petitioner.

The evidence on the admissibility of the confession was originally heard by the trial judge on a motion to suppress. Testimony of nine witnesses was presented and the issue was thoroughly explored. The trial judge who heard the evidence denied the motion. The same issue was presented on appeal and the Court of Appeals of Kentucky after a searching consideration of this issue as revealed by its exacting opinion decided it adversely to the petitioner, Tarrence v. Commonwealth, 265 S.W.2d 52. The issue was also presented in the petition for writ of certiorari which was denied by the Supreme Court of the United States.

The facts surrounding the confession are so fully and meticulously set forth in the opinion of the Court of Appeals of Kentucky that it is needless to again recite them here. I adopt them as my findings of facts for the purpose of this proceeding with the additional comment that the testimony of the petitioner in this Court does not alter or modify in any respect the conclusions reached by the eminent judge of the trial court or by the decision rendered by the Court of Appeals of Kentucky. It should also be noted that when the petitioner testified on the trial of his father he stated in substance that the confession which he now claims resulted from a promise of leniency contained "a bunch of lies" and that he and his father had agreed among themselves and planned to make the confession complained of on the night of the murder several days before any offer of leniency had been extended.

For an application for a writ of habeas corpus to be granted in this case where the petitioner is in custody pursuant to the judgment of the Kentucky court it must not only appear that the applicant has exhausted the remedies available in the courts of Kentucky and that his petition for a writ of certiorari has been denied by the Supreme Court of the United States, but he must further show that the state law does not provide adequate remedies to correct the wrongs about which he complains. Title 28, Section 2254, United States Code Annotated. The petitioner does not complain that adequate remedies are not provided by Kentucky law and that they are available is clearly evident. He has taken full advantage of all of them with assistance of competent counsel.

A federal court will not interfere with the due and orderly administration of justice in the state courts except in cases of great urgency and exceptional circumstances, Kohl v. Lehlback, 160 U.S. 293, 16 S.Ct. 304, 40 L.Ed. 432; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Indeed, as stated by Mr. Justice Reed, in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 408, 97 L.Ed. 469, "Where the state action was based on an adequate state ground, no further examination is required, unless no state remedy for the deprivation of federal constitutional rights ever existed. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572. Furthermore, where there is material conflict of fact in the transcripts of evidence as to deprivation of

constitutional rights, the District Court may properly depend upon the state's resolution of the issue. Malinski v. People of State of New York, 324 U.S. 401, 404, 65 S.Ct. 781, 783, 89 L.Ed. 1029."

The petitioner has been accorded a fair and just trial by the courts of the Commonwealth of Kentucky.

The petitioner awaiting execution under judgment of the Kentucky court is not in custody in violation of the Constitution or the laws of the United States within contemplation of Section 2241(c)(3) of Title 28 United States Code Annotated and is not entitled to his release as prayed.

The writ shall be vacated, the petition dismissed and the petitioner remanded to the respondent and the Kentucky authorities for further proceedings under the judgment of the state court. An appropriate order will be entered.