**Lesley Evan FOSTER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

Certiorari Denied June 12, 1967.

See 87 S.Ct. 2128.

Stuart Lyon, David Kaplan, Louisville, for appellant.

Robert Matthews, Atty. Gen., Harold T. Hotopp, Asst. Atty. Gen, for appellee.

MILLIKEN, Judge.

When two Louisville patrolmen pulled alongside of his parked automobile about four o'clock on a July morning in a business district of the City, the appellant, Lesley Evan Foster, said he could not get his car started and got out and raised the hood. The patrolmen asked him to get back in his car and try to start it. He did and the motor started immediately, whereupon one of the patrolmen got out of the police car and walked over to the Foster car, saw an adding machine, a typewriter and a stapler on the back seat and, when asked where the articles came from, Foster and his companion, Rankin, said they did not know. When they got out of their car at the patrolman's direction the inside lights of the car turned on and two pairs of gloves, a flashlight and some screw drivers were plainly visible on the floor of the front seat.

The officers arrested the two men for having burglary tools, and hauled them off to the police station in the patrol car along with the articles mentioned. The next day the pastor of the Franklin Street Baptist Church discovered its typewriter, adding machine and stapler were missing, and he later identified them at the police station. A back door of the Church had been wedged open leaving a dent in the woodwork the size of one of Foster's screw drivers. To make a long story short, Foster was convicted of storehouse breaking and possession of burglary tools, and was sentenced to life imprisonment as an habitual criminal. On this appeal he claims that most of the evidence against him was inadmissible as the result of an illegal search, and also that the Commonwealth's attorney violated his constitutional rights by commenting that no one took the witness stand for the defense.

We believe that the circumstances justified the officers in questioning Foster and Rankin, and that the answers elicited as well as the circumstances justified the arrest of the two men for having burglary

tools in their possession. As said in Wilson v. Commonwealth (1953), Ky., 258 S.W.2d 497, regarding a somewhat similar situation:

"* * * It is fundamental that a search may be made without a warrant in connection with a lawful arrest, and that incriminating articles connected with the crime and detected in the possession of the arrested person may be seized to be used as evidence against him. Turner v. Commonwealth, 191 Ky. 825, 231 S.W. 519. It is equally fundamental that the constitutional guaranty which affords protection from an illegal search does not prohibit a seizure without a search warrant where there is no need of a search; that is, where the objects sought are visible, open and obvious to anyone who even casually looks around." (See, on the subject of search, Clark v. Commonwealth (1965), Ky., 388 S.W.2d 622, and Lane v. Commonwealth (1965), Ky., 386 S.W.2d 743.)

Foster's previous convictions for similar felonies were established in an orthodox way—by presentation of the original court records by the deputy clerk of the court. Appellant questions the applicability of the records by asserting that they did not establish that he was the Lesley Evan Foster named in those court records. A similar contention was raised in Sullivan v. Commonwealth (1928), 222 Ky. 771, 2 S.W.2d 666, and the Court commented:

"* * * The record evidence of the previous indictment, trial, and conviction of Charlie Sullivan for the same offense was read to the jury. It is true that no witness deposed that the Charlie Sullivan then on trial was the same Charlie Sulliven previously tried and convicted. However, the principle, 'Identity of name is prima facie evidence of identity of person,' has long prevailed in this jurisdiction. See Cates v. Loftus, 3 A. K. Marsh (10 Ky.) 202; Cobb v. Haynes, 8 B. Mon. (47 Ky.) 137; May et al. v. Chesapeake & O. Ry. Co., 184 Ky. 493,

212 S.W. 131. As applied in criminal cases, the principle was discussed at length in Belcher v. Commonwealth, 216 Ky. 126, 287 S.W. 550, in a case presenting the same facts exactly as here. Though no one in that case testified that the Arthur Belcher being tried was the same person who under that name had previously been convicted of possessing intoxicating liquors, it was held that identity of name was prima facie evidence of identity of person, and, there being no evidence to the contrary, the conviction was sustained. The opinion cites a formidable array of authority to support it."

■ We think that the principle of "Identity of name is prima facie evidence of identity of person" is clearly applicable here, for the name of Lesley Evan Foster is not conspicous by the numerosity of its occurrence.

■ Complaint is also made that the Commonwealth's attorney stepped across the line in commenting upon the failure of the defense to present any witnesses. This is what he said: "No witness has taken that witness stand to deny what's contained in the official orders of this court, or what was said to the officer. So, enough of that." What the prosecutor said was the truth, for nobody did. We do not think this comment focused the jury's attention specifically on the defendant's failure to take the stand in his own defense. In commenting that the appellant had failed to put any witness on the stand to prove that the Lesley Evan Foster involved in the previous convictions was not the instant Lesley Evan Foster, the prosecutor merely again said: "Now, get this, please, no witness has taken that witness stand to deny what's contained in the official orders of this court * * *." We do not consider remarks like these equivalent to commenting on the defendant's failure to testify in his own behalf so as to violate the principle in Griffin v. State of Cal. (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 1061, as a

violation of the defendant's right against self-incrimination, nor as violative of KRS 421.225 prohibiting comment upon a defendant's failure to take the stand in his own defense. Anderson v. Commonwealth (1962), Ky., 353 S.W.2d 381.

We conclude that the appellant had a fair trial, and the judgment is affirmed.