Commonwealth vs. Pullan.

CASE 16—INDICTMENT—DECEMBER 12.

# Commonwealth vs. Pullan.

### APPEAL FROM GRAVES CIRCUIT COURT.

"*The following named persons were empanneled as grand jurors for the county aforesaid for the present term of the court*"—who are named—and the order concludes, "who were —————, and charged by the court as *directed by law.*" *The circuit court erred* by setting aside an indictment on account of a substantial error in the formation of the grand jury, and because the above order did not state that they were sworn. *Held*—"The law requires that a certain prescribed oath shall be administered to the grand jury. (*2 Rev. Stat.*, 76.) In the absence of evidence to the contrary, this court will presume that the court below did all that was required by law to be done. It does not appear in the order aforesaid that one of those empanneled as grand jurors was appointed by the judge as foreman thereof, which the law requires to be done, and yet we will presume, as it was the duty of the judge to make such appointment, that he did it; and for the same reason we will presume that the requisite oath was administered to the grand jury." The structure of the order shows conclusively that the grand jury were sworn.

JOHN RODMAN, Attorney General, For Appellant,
                    CITED—
*Criminal Code, 1st subsec. of sec.* 159, *and sec.* 160.

Commonwealth vs. Pullan.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Appellee was indicted in the Graves circuit court for a breach of the peace, and at a subsequent term of the court moved to set aside the indictment on account of a substantial error in the formation of the grand jury, which motion was sustained, and the indictment dismissed, because, in the language of the judgment, the order empanneling the grand jury does not state that they were sworn.

There is copied in the record the order of the court at the May term, 1866, thereof, empanneling the grand jury who found the indictment, in which it is stated, "the following named persons were empanneled as grand jurors for the county aforesaid for the present term of the court"—who are named—and the order concludes, "who were ———, and charged by the court as *directed by law*."

The law requires that a certain prescribed oath shall be administered to the grand jury. (2 *Rev. Stat.*, 76.) In the absence of evidence to the contrary, this court will presume that the court below did all that was required by law to be done. It does not appear in the order aforesaid that one of those empanneled as grand jurors was appointed by the judge as foreman thereof, which the law requires to be done, and yet we will presume, as it was the duty of the judge to make such appointment, that he did it; and for the same reason we will presume that the requisite oath was administered to the grand jury. Moreover, the implication is very strong, from the language and the structure of the sentence, that such was the fact, from the conjoining word "*and*" immediately preceding the word "charged"—showing very conclusively that something else was done before they were charged, and that, we are fully authorized, was the

swearing them; and that the word sworn, would fill the blank in the order, and show that, by the inadvertence and mistake of the clerk, it was omitted.

The indictment was set aside 28th of May, 1867, within a few days of one year after it was returned in court, and not in May, 1866, as was suggested by counsel.

It might be added, that it is not certain that the alleged defect in the indictment is a ground for setting the same aside; but in the view taken of the case by us, that question need not be decided.

For the reasons herein stated the judgment is *reversed*, and the cause remanded, with directions to overrule the motion to set aside the indictment, and for further proceedings consistent herewith.