### E. CURD'S EXORS. *v.* JOEL H. CURD ET AL.

**Bonds—Sufficiency of the Approval by Court.**

An order of court reciting appearance of an officer, who took the oath, etc., and "together with Curd, et al, his sureties, entered into and acknowledged a covenant to the Commonwealth," held a sufficient approval of the officer's bond.

**Courts—Duties Tested by the Records.**

Whether a court performed its duty, must be tested by the record, and not by extraneous evidence, and will be presumed to have done what the law imperatively required.

APPEAL FROM CALLOWAY CIRCUIT COURT.

May 9, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

This was an ordinary action against the appellants as the sureties of Moses Clayton, late a constable of Calloway county, on a covenant admitted to have been executed and acknowledged by them, together with Clayton, before the Calloway county court, as his official bond to secure the performance of his duties as constable.

After filing an answer presenting certain matters of defense and proceeding to trial thereon, the defendants asked and obtained leave to file an amended answer, which they did, alleging in effect that although they signed and acknowledged the bond, it was not obligatory upon them, because the county court failed *to approve* and accept them as sureties as required by law *(R. S. Chap. 20, Art. 1, Sec. 2.)*

With other evidence adduced on the trial by the plaintiffs, was an order of the county court of the same date as the bond, in these words: "This day Moses Clayton produced in court a certificate of his election to fill the office of constable for the first district in this county, and thereupon he took the oath required by the Constitution and laws of this State, and together with Joel H. Curd, Robert Boggs, James C. Newport, Gabriel Smith and Richard Grogan, his securities, entered into and acknowledged a covenant to the Commonwealth of Kentucky conditioned according to law."

Construing this order as insufficient to prove the approval and acceptance by the county court, of the defendants and others, as the sureties of Clayton, the court instructed the jury peremptorily to find for the defendants, which they did accordingly; and this decision being properly excepted to, is now complained of as error, for which the judgment rendered in accordance with the verdict, should be reversed by this court.

Waiving the question whether, as the appellees admitted the due execution and acknowledgment of the bond by them, and that Clayton thereupon qualified as constable, they are not estopped to deny that the bond was obligatory upon them, at least as a common law covenant, we are of the opinion that the order of the county court sufficiently imports the *approval* of the sureties in the bond as required by law.

While it is true that the question whether the county court did its duty or not, must be tested by he record, and not by extraneous evidence, yet this court will, in accordance with a general rule, presume that it did what the law imperatively required, if the record conduces to that conclusion and contains nothing inconsistent with it *(Commonwealth v. Pullam, 3 Bush, 47)*. This case is not analagous with that of *Fletcher, &c., v. Leight, Barret & Co., 4 Bush, 303,* in which it was said by this court: "There being no record evidence that the bond, as executed, was ever approved by the court, nor that the securities who did sign it, were approved, but the only order shown *negativing this,* the decision of the court upon the issue of no record, and his peremptory instruction to the jury were both erroneous.

But in this case, although the order of the county court does not state, in express terms, that the sureties were approved, and the bond accepted, there is not only nothing in the order repug-

nant to that conclusion, but no other inference can be fairly deduced from it.

The peremptory instruction given was, therefore, erroneous.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and other proceedings not inconsistent with this opinion.

*Brown & Miller, for appellant.*

*Stubblefield, for appellee.*