CASE 25—INDICTMENT—APRIL 19.

# Biggerstaff v. Commonwealth.

### APPEAL FROM MADISON CIRCUIT COURT.

1. PERJURY—OATH MUST BE LEGALLY ADMINISTERED.—No oath taken before those who take upon themselves to administer oaths of a public nature without legal authority can ever amount to perjury.

2. *Authority to administer the oath.*—When an oath is administered in a regularly organized court, and it appears *prima facie* that the judge, magistrate, or officer before whom the oath was taken was *de facto* in the ordinary exercise of his office, the burden is on the prisoner to show the want of proper legal authority; but this rule applies only to public functionaries, and where the authority to administer the oath is derived from a special commission, or where it is delegated to be exercised only under particular circumstances, the commission in the one case or the existence of the essential circumstances in the other must be distinctly proved.

3. *At common law the authority of the officer administering the oath* was always open to inquiry, and that rule was recognized and continued in force by section 2, article 8, chapter 28 of the Revised Statutes.

4. *It is an essential prerequisite* to the establishment of the guilt of one accused of the crime of perjury that the oath should have been administered by a person authorized by law to administer an oath.

5. *Where the oath was administered by the judge of an election* who had not himself taken the prescribed oath of office he was not authorized by law to act as such or to administer such oaths as the law makes it the duty of judges and clerks of election to administer.

6. *A justice of the peace must take the prescribed oath* before he is authorized to act as a judge of an election or administer an oath as such judge to a person offering to vote.

R. G. LITTLE, . . . . .⎫
T. J. SCOTT, . . . . . .⎬. . . . . . . . . For Appellant,
CHENAULT & BENNETT, ⎭.

CITED

Civil Code, section 136.

Revised Statutes, 1 Stanton, sec. 4, p. 432; sec. 7, p. 434.

Roscoe on Crim. Ev., page 673.

Revised Statutes, chap. 32, art. 12, sec. 14.

2 Met. 12, Commonwealth v. Powell.

2 Met. 493, Patterson v. Miller.

1 Hawkins P. C., sec. 4, page 431.

2 Bishop's Crim. Law, section 864.

1 Nott and McC. 547.

3 Bush, 16, Rice v. Commonwealth.

1 Bush, 176, Tomppert v. Lithgow.

1 Duvall, 90, Mount v. Commonwealth.

1 Met. 368, Commonwealth v. Megowan.

18 B. Mon. 493, Commonwealth v. White.

JOHN RODMAN, Attorney General, . . . . For Appellee,

CITED

Revised Statutes, chap. on "Elections," art. 12, sec. 14.

1 Met. 143, Stokes v. Kirkpatrick.

2 Met. 496, Patterson v. Miller.

4 B. Mon. 229, Rodman v. Harcourt.

4 Bush, 328, Morgan v. Vance.

17 B. Mon. 409, Comely v. Commonwealth.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

This prosecution was based upon the 14th section of the 12th article of chapter 32 of the Revised Statutes, which is in these words: "Any person who shall make any willfully false statement under an oath duly administered at an election shall be deemed guilty of perjury and incur the penalty for that crime." The indictment charges that the accused on the 23d day of September, 1872, in the county of Madison, falsely and corruptly swore that he was twenty-one years of age, when in point of fact he was not that old, and knew at the time that he was not; and that he so swore in order to procure the right to vote; and that by means of said oath he succeeded in being

allowed to vote in an election then being held for sheriff of said county. It is further charged that said oath was "duly administered by the officer and judge of said election."

Appellant demurred to the indictment, but his demurrer was overruled. He was then tried and convicted, and sentenced to one year's confinement in the state penitentiary. To reverse the judgment of the circuit court he prosecutes this appeal.

It was proved on the trial by D. B. Willis that he acted as one of the judges of the election, and that he administered the oath which appellant is charged to have falsely and corruptly taken. He proves further that he (Willis) did not take the oath prescribed by law for judges of election, and that he was acting, at the time appellant was sworn, as a judge of the election without having taken said oath.

Upon this evidence the accused asked the court to give the following instruction: "If the jury believe from the evidence that the defendant was sworn by D. B. Willis only as a judge of the election, and that Willis as such judge had never been sworn to perform his duties, then they should find the defendant not guilty."

It appears that Willis was at the time a justice of the peace; but as section 7 of article 3, chapter 32, of the Revised Statutes provides that oaths, which persons offering to vote at elections held under the provisions of that chapter may be required to take, shall be administered by one of the judges or by the clerk of the election, he had no power or authority as a justice of the peace to administer the oath to the accused; and the necessary and legal presumption is that in administering said oath he acted in the capacity of judge of the election.

Section 4 of the chapter and article in question provides that "each judge and clerk of an election shall, before entering on the duties of his office, take the oath prescribed by the constitution before some justice of the peace, or it may be administered by the sheriff."

If Willis assumed to act without taking this oath, he was at most but an officer *de facto*. To·what extent his acts would be upheld in order to protect and preserve the rights of legal voters voting at the election, in controversies between rival candidates for office, we will not undertake in this case to determine. The question here is whether Willis was authorized by law to administer the oath to the accused. If he was not so authorized, it would seem to follow that. the judgment of the circuit court can not be sustained.

No oath taken before "those who take upon them to administer oaths of a public nature without legal authority . . . can ever amount to perjury in the eye of the law, for they are of no manner of force." (Roscoe's Crim. Evidence, sec. 674; 2 Russell, 521; 1 Hawkins, P. C., chap. 69, sec. 4; 3 Campbell's Rep. 432.) .

Where oaths are administered in a regularly organized court, and it appears *prima facie* that the judge, magistrate, or officer before whom the oath was taken was *de facto* in the ordinary exercise of his office, the burden is devolved upon the prisoner of showing the want of proper legal authority. But this rule is applicable only to public 'functionaries; and where the authority to administer the oath was derived from a special commission, or where it is delegated to be exercised only under particular circumstances, the commission in the one case or the existence of the essential circumstances in the other must be distinctly proved. (3 Greenleaf on Evidence, sec. 190.)

At the common law the authority of the ·officer administering the oath was always open to inquiry. The existence of that rule was recognized and continued in force by the Revised Statutes, section 2, article 8, chapter on Crimes and Punishments, which provided "that if any person, in any· matter which is or may be judicially pending, or on any subject in which he can legally be sworn, or in which he is required to be sworn, *when sworn by a person authorized by law*

*to administer an oath,* shall willfully and knowingly swear, depose, or give in evidence that which is untrue and false, he shall be confined in the penitentiary," etc.

An essential prerequisite to the establishment of the guilt of the accused is that the oath shall have been administered "by a person authorized by law to administer an oath." If Willis did not take the prescribed oath of office, he was not authorized by law to act as a judge of the election, and could not therefore have been authorized to administer such oaths as the laws make it the duty of the judges and clerks of elections to administer.

The rule founded upon public policy which requires the acts of *de facto* officers to be treated for many purposes as valid and binding does not apply when an oath administered by such an officer is made the foundation of a prosecution for perjury.

From these conclusions it follows that the instruction under consideration should have been given.

As we have no power to reverse for an error of the circuit court, in overruling a demurrer to an indictment, we will not inquire as to the sufficiency of the indictment in this case. Nor do we deem it necessary to advert to other supposed errors to which our attention was called in the argument.

For the error in refusing to give the instruction heretofore set out in full, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.