## Meredith, et al. v. Commonwealth.

(Decided February 5, 1924.)

### Appeal from Edmonson Circuit Court.

1. **Grand Jury—Indictment Found and Returned in Absence of Judge Void.**—An indictment found and returned by a grand jury which was never impaneled or instructed by the judge or any judge of the court authorized by law to do so, but by Commonwealth attorney for the judicial district, was void, and when returned by the grand jury in the absence of the judge, and when the court was not in session was not rendered valid by orders entered showing its return and the indorsement of bail thereon made by the clerk in the absence and without authority of the judge of the court under Ky. Stats., sections 378, 2250; Criminal Code of Practice, sections 119-121.

2. Bail—Bail Bond under Void Indictment Void.—Where the record affirmatively shows that the finding and return of an indictment is void, a bail bond taken under such indictment is likewise void, and without consideration, and the sureties therein are not bound.

MILTON CLARK for appellants.

CHAS. I. DAWSON, Attorney General, and MARTIN T. KELLY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing in part and affirming in part.

Following the return against one Horace Mountardier of eleven indictments by the grand jury of Edmonson county for violations of various provisions of the liquor prohibition enforcement statute of the state, the fixing of bail in each case at $100.00, and his arrest under the bench warrants issued upon the several indictments, the defendant executed in each case a bail bond in the sum of $100.00, with the appellants H. K. Meredith and Louis Mountardier as sureties or bail, for his appearance at the June term, 1922, of the Edmonson circuit court to answer the charges in the various indictments. At the June term, 1922, of the court, the defendant, Horace Mountardier, failed to appear or make defense to any of these indictments and default judgments were entered against him in each of the several cases imposing fines and terms of imprisonment. At the same time forfeitures were taken of all of his bail bonds, and summons issued against the appellants as sureties in each bond to appear on the first day of the November term, 1922, of the court and show cause, if any they could; why judgment should not be rendered against them in favor of the Commonwealth for the amount of each of the bail bonds, aggregating $1,050.-00.

On the first day of the November term, 1922, of the Edmonson circuit court the appellants filed their response to the summons issued on these forfeited bail bonds, supported by affidavits in proof of the statements thereof. A demurrer was filed by the Commonwealth to the response, which the court sustained, and this ruling was followed by the entering of a judgment holding the response insufficient and awarding the Commonwealth a recovery of the amount of each of the forfeited bonds, amounting in the aggregate to $1,050.00, and from that judgment the present appeal was granted and is being prosecuted.

It appears from the facts alleged in the response, which facts are sustained by the evidence and admitted by the demurrer, that all, save two, of the indictments against the defendant, Horace Mountardier, were found and returned at the March term, 1922, of the Edmonson circuit court by a grand jury that was not impaneled, charged or sworn by the regular judge or a special judge of that court, but by the Commonwealth's attorney of the judicial district, without authority of law to perform that duty. This singular procedure seems to have resulted from the following admitted state of facts: The judge of the court by reason of illness was prevented from being present on the first day of the court, or at any time during the March term, and no other or special judge was appointed by the Governor of the state to take his place. It appears, however, that after the impaneling and charging of the grand jury by the Commonwealth's attorney, by agreement of the lawyers in attendance at that term of the court, John B. Rodes, esquire, a lawyer of Bowling Green, then present, was sworn and presided as special judge of the court during the remainder of the first and through the two succeeding days of the term, when he was compelled to depart for his home and did not return or again preside, nor did any other person by agreement, or otherwise, preside or act as judge during the remainder of the term.

It further appears that on the fifth day of the March term, 1922, of the court, after the departure of special judge Rodes, the grand jury, in the absence of a judge presiding, returned in the court room the several indictments in question and that they were received by the clerk, bail endorsed thereon by him and bench warrants ordered; all being done in the absence of any judge presiding. It also appears that the orders showing the several steps mentioned were all entered by the clerk without direction from and in the absence of any judge. Nor have the orders since been approved or signed by the judge or any judge of the court.

It is manifest from the admitted facts presented by the response of the appellants that the proceedings during the March term, 1922, of the Edmonson circuit court from the impaneling and swearing of the grand jury down to and including the execution of the bail bond in question were and are null and void. A judgment or order of the court entered by the clerk when there is no court in session and no judge of the court present or pre-

siding is a nullity; and an indictment found and returned by a grand jury which was never impaneled or instructed by the judge or any judge of the court authorized by law to do so is void, and such indictment when returned by a grand jury in the absence of the judge of the court and when the court is not in session is not rendered valid by the orders that may be entered showing its return and the endorsement of bail thereon made by the clerk in the absence and without authority from the judge of the court. Kentucky Statutes, sections 378-2250; Commonwealth v. Pullan, 3rd Bush 47; Criminal Code, sections 119-121; Sublett v. Gardner's Com., 144 Ky. 190; Macey v. Gibson, 169 Ky. 153; Farris v. Mathews, 149 Ky. 455.

It is likewise true that where the record affirmatively shows that the finding and return of the indictment is void, a bail bond taken under such indictment is likewise void and without consideration, and the sureties therein are not bound. Husbands v. Commonwealth, 143 Ky. 290; Commonwealth v. Thompson, 98 Ky. 594; Snider v. Commonwealth, 3 Metcalf 410; Commonwealth v. Roberts, 1 Duvall 199; Commonwealth v. Saylor, 8 Bush 461.

In 6 Corpus Juris, pages 1004-1005, with respect to the subject of bail and the release of sureties, it is said, after stating the general rule that sureties by signing the bail bond waive all merely technical defects: "Where, however, the preliminary proceedings are not merely defective or irregular but are illegal and void, bail or recognizance given thereunder will be void."

As is appears that two of the indictments upon which forfeitures of bail bonds were taken were returned at the November term, 1921, of the Edmonson circuit court the forfeitures of the bail bonds taken thereunder are not invalid; but this cannot be said of the several indictments found and returned at the March term, 1922, of that court, as it follows from the conclusions above expressed that the bail bonds taken thereunder are void.

For the reasons indicated, the judgment of the circuit court entered against the appellants on the forfeiture of the bail bonds taken under the indictments returned at the November term, 1921, is affirmed, but in other respects the judgment is reversed.