# Timberlake v. Commonwealth.

(Decided Oct. 4, 1932.)

SAMUEL HOLMES for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

M. L. Timberlake was convicted of the crime of malicious shooting and wounding. His punishment was fixed at life imprisonment under the habitual criminal statute (section 1130), since he had been convicted of felony twice before the present conviction. He complains (1) that a demurrer to the indictment was not sustained; (2) that incompetent evidence was adduced against him; (3) that the instructions to the jury were insufficient; and (4) that the verdict is unsupported by the evidence.

1. The challenge to the indictment is based upon the fact that it fails to allege that the several grand juries that found the previous indictments against Timberlake were duly impaneled and sworn. The language of the indictment respecting the prior con-

victions is that the defendant had been indicted by the grand jury for a specified felony, and found guilty thereof by the verdict of a jury "duly empaneled and sworn." The point now presented possesses no merit. The fact of the former conviction of felony is the vital element, and, when it is charged that the defendant had been indicted and convicted, the presumption arises that the proceedings leading to the conviction were regular. Com. v. Pullan, 66 Ky. (3 Bush) 47; McIntyre v. Com., 154 Ky. 149, 156 S. W. 1058. The demurrer to the indictment was properly overruled.

2. The evidence complained of relates to the very circumstances of the last offense. Timberlake was engaged in an altercation with Shaw when John Washington interceded to pacify him. He then attacked Washington with severity, and needlessly wounded him. It was proper to prove the whole transaction, and, if it tended to show the commission of more than one offense, it was an unavoidable consequence of the defendant's conduct on the occasion involved. Kirby v. Com., 206 Ky. 535, 267 S. W. 1094; Simmons v. Com., 210 Ky. 33, 275 S. W. 369. Moreover, the evidence falls clearly within the category of facts that are admitted to prove malice, motive, and intent. Music v. Com., 186 Ky. 45, 216 S. W. 116; McQueen v. Com., 196 Ky. 227, 244 S. W. 681; Cook v. Com., 232 Ky. 613, 24 S. W. (2d) 269.

3. The criticism of the instructions is that no definition was given of the terms "feloniously," "willfully," and "maliciously," as used therein. The omission was not prejudicial to the appellant, for reasons explained in numerous cases heretofore decided by this court. Collier v. Com., 160 Ky. 338, 169 S. W. 740; Hutsell v. Com., 75 S. W. 225, 25 Ky. Law Rep. 262; Metcalfe v. Com., 86 S. W. 534, 27 Ky. Law Rep. 704; Hall v. Com., 207 Ky. 718, 270 S. W. 5; Sampson v. Com., 82 S. W. 384, 26 Ky. Law Rep. 661.

4. The evidence amply supports the verdict. The argument that the first conviction for a felony may not be invoked to augment the punishment for a third offense because the defendant was under 21 years of age when the first crime was committed and served his sentence in the House of Reform is not sound. The conviction was for felony, and the fact that because of his youth the defendant was sent to the House of Reform was not material. It is not confinement in the penitentiary, but the conviction for crime, that

furnishes the basis for the increased punishment for subsequent offenses. A pardon of the offender after a conviction excuses him from serving his sentence, but it does not alter the fact that he was convicted, and does not preclude the commonwealth from using such conviction to augment the punishment for an offense subsequently committed. Herndon v. Com., 105 Ky. 197, 48 S. W. 989, 20 Ky. Law Rep. 1114, 88 Am. St. Rep. 303. Like reasoning applies in the present instance. The punishment is augmented when the offender, by repeated convictions, becomes an habitual criminal, but it is punishment only for the last offense. The purpose, purport, and policy of the statute have been delineated in a long line of decisions, and the subject calls for no further elaboration. McIntyre v. Com., 154 Ky. 149, 156 S. W. 1058; Hyser v. Com., 116 Ky. 410, 76 S. W. 174, 25 Ky. Law Rep. 608; Herndon v. Com., 105 Ky. 197, 48 S. W. 989, 20 Ky. Law Rep. 1114, 88 Am. St. Rep. 303; Turner v. Com., 191 Ky. 825, 231 S. W. 519.

The judgment is affirmed.