## Young v. Commonwealth.

(Decided Oct. 21, 1938.)

S. H. RICE for appellant.

HUBERT MEREDITH, Attorney General, and GUY H. HERD-MAN and W. OWEN KELLER, Assistant Attorneys General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Charles Young, was convicted in the Owsley circuit court—in which he was so accused—of the offense of false swearing, and punished by confinement in the penitentiary for the minimum period prescribed by law of one year. His motion for a new trial was overruled and from the verdict and judgment pronounced thereon he prosecutes this appeal, urging, through his counsel, three grounds as alleged errors, authorizing a reversal. They are: (1) Error of the court in overruling appellant's demurrer filed to the indictment; (2) error of the court in overruling his mo-

tion for a directed acquittal, and (3) improper and erroneous instructions. The first two are subdivided alphabetically by counsel in his brief—each of which he insists supports his general ground, but our examination of the record discloses that some of them are not supported by the record, and the others are based upon the extreme common law technicalities relating to prosecutions for perjury and which do not obtain in prosecutions for false swearing.

The false testimony forming the basis of the indictment was given by appellant as alleged before the grand jury of Owsley county at its regular June 1937 term, it being charged in the indictment that in his testimony before that tribunal—after its foreman had sworn him as required by law—he "did falsely, wilfully, knowingly and corruptly swear, depose, and give in evidence that he was not drunk and had not drunk a drop of liquor, and had no liquor on the day Oscar Rader cut him, June 6, 1937." It is then charged that his testimony as so given was false and known to him to be false at the time he gave it, and that the facts were that he was drunk on that day, or at the time of the difficulty with Rader and that he had liquor in his possession. The indictment charged the regular impaneling of the grand jury before which the alleged false testimony was given, and the appointment of James Rowland as foreman, and that he and the other members of the jury were legally constituted as such. It is quite clear that the indictment contains all of the necessary allegations, and is sufficiently explicit, to sustain a charge of false swearing. It followed substantially the requirements of sections 122 and 124 of our Criminal Code of Practice, in that it contained "A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case," as required by subsection 2 of the section 122, and likewise contained all of the other requisites set forth in section 124. No person of ordinary intelligence could read the indictment without becoming informed of what was intended to be charged and that it was done with the requisite degree of certainty prescribed by those sections. We, therefore, conclude that none of

the reasons urged in support of ground (1) is meritorious.

The classified subdivisions in support of ground (2) are: "(a) It was not proven that the grand jury was impaneled; (b) it was not proven that the grand jury was sworn, and (c) it was not proven that a foreman of the grand jury was appointed." The other two subdivisions of that ground—(d) and (e)—complain of the fact that it was not shown that the grand jury, at the time appellant is alleged to have given the false testimony before it, was investigating "liquor charges" and that there was a variance between the pleading and the proof. We do not interpret the evidence as sustaining the latter subdivision (e) and it is not required for it to be alleged or proven that the grand jury at the time was investigating liquor charges, or any other charge, except one of which it had jurisdiction.

It was averred in the indictment that the grand jury was investigating a charge of unlawful cutting and stabbing by one Rader—the appellant here being the victim in that affray. He could be legally sworn to testify with reference thereto and could be legally asked any question appertaining to the guilt or innocence of Rader, whose alleged depredations and fight were under investigation. Neither do we detect any substantial variance between the indictment and the proof, and therefore, neither of the two subdivisions (d) nor (e) is even remotely meritorious. The other subdivisions— (a) (b) and (c)—present the only question that we deem it necessary to discuss in disposing of the appeal, and to which we will now devote ourselves—considering them together, since they involve the same legal principle.

It is argued—and which is no doubt true—that before one may be convicted of perjury or false swearing in giving testimony before a grand jury, that body must possess a legal existence. It is likewise true—and which is also argued—that no one may be punished for giving false testimony under oath unless the one who administered the oath was legally authorized to do so. Therefore, if the tribunal before whom appellant appeared and testified was not in fact a grand jury; or if Rowland, its alleged foreman, was not in fact appointed and sworn as such when he administered the oath to appel-

lant, then the latter committed no punishable offense, howsoever falsely he may have testified.

In an effort to enable his client to escape the punishment inflicted by the verdict counsel urges that there is a total absence of any proof that the enumerated requisites supra were shown in this case. Differently stated, he contends that it was not proven that the grand jury was a legally constituted body, nor was it shown that Rowland, its foreman, was ever appointed as such, nor does it appear that he was sworn as such foreman, and in support of such contentions reliance is had on the records of the proceedings of the Owsley circuit court at the June, 1937 term, during which appellant is alleged to have given his false testimony before its grand jury. The clerk of the court was introduced as a witness and he exhibited this order: "Owsley Circuit Court, June Term, 1st day, 21st day of June, 1937. Came A. J. Creech, Sheriff, and produced the following names for Grand jury for the June Term 1937 of the Owsley Circuit Court, Lige Little, Tom Payne, Hershall Allen, Jim Whicker, H. H. Holcomb, R. L. Eversole, Dan Gallagher, Green Tackett, Dudley Reynolds, J. S. Rowland, Penn Long, Bud Hale." He further testified that there was no other entry on the order book concerning the impaneling of the grand jury at that term. But he did exhibit one showing the appearance before the court of the grand jury in a body, at which time it reported the instant indictment, which the entry said was duly endorsed on the back "a true bill and signed by J. S. Rowland, Foreman of the Grand Jury." Those two orders are the only ones appearing on the record of the Owsley circuit court, according to the testimony of its clerk. It is therefore insisted that there was a failure of proof to show any of the necessary requisites to sustain appellant's conviction.

But the trouble with that argument is that counsel overlooks another class of proof, universally recognized and applied and which is referred to as "presumptions" in favor of the regularity of proceedings of courts of general jurisdiction, and which, when administered in this case, supplies the omissions from the record complained of by counsel. It is his position—and for which he vigorously contends—that it was incumbent upon the prosecution in this case to affirmatively show by record that the grand jury in question was duly and legally

impaneled, and in the same manner, it should appear that Rowland was both appointed and sworn as its foreman. But counsel is clearly mistaken in making such contention, since the necessary proof of such facts is obtainable, in the circumstances, through the invoking of a presumption that the court did comply with such requisites in the impaneling of its grand jury and in appointment and swearing its foreman, and which presumption arises, unless affirmatively contradicted by the record.

The law requires circuit courts with criminal jurisdiction to impanel grand juries, and section 2250, Kentucky Statutes, requires that it (court) shall appoint one member of the jury as its foreman, and to administer to him the oath prescribed by law. When done the foreman is by other enactments vested with the authority to swear witnesses, who appear before the grand jury; and it is a universally accepted and applied presumption that a court of general jurisdiction—such as is possessed by circuit courts in this commonwealth—has performed its duty and followed mandatory requirements enjoined upon it by law. Furthermore, that the mere failure of its record to show such affirmative steps and actions will not be allowed to overcome that presumption. Therefore, when a state of case is presented creating the presumption, the burden is then cast on the one complaining of such non-compliances to prove the truth of his contentions before he can obtain the benefit of such failures on the part of the court, if any.

A case directly in point in this commonwealth is that of Commonwealth v. Pullan, 3 Bush 47, 66 Ky. 47. The defendant in that case was indicted for a breach of the peace. He objected to the validity of the indictment, because there was no affirmative order of the court showing that the members of the grand jury were sworn or that the court either appointed or swore anyone as its foreman. The adverse disposition by the trial court of that contention was approved by this one on appeal, and in disposing of the contention that such ruling by the trial court was error, we said: "The law requires that a certain prescribed oath shall be administered to the grand jury. (2 Rev. Stat. 76.) In the absence of evidence to the contrary, this court will presume that the court below did all that was required by law to be done. It does not appear in the order aforesaid that

one of those empaneled as grand jurors was appointed by the judge as foreman thereof, which the law requires to be done, and yet we will presume, as it was the duty of the judge to make such appointment, that he did it; and for the same reason we will presume that the requisite oath was administered to the grand jury." The principle therein announced was adhered to and approved by us in the somewhat recent case of Timberlake v. Com., 245 Ky. 163, 53 S. W. (2d) 345, and which approval was fortified by citing the Pullan opinion.

In the Timberlake Case we said [page 346]: "The fact of the former conviction of felony is the vital element, and when it is charged that the defendant had been indicted and convicted, the presumption arises that the proceedings leading to the conviction were regular." In that case prior convictions were alleged in the indictment for the purpose of augmenting defendant's punishment if he should be found guilty by the jury of the instant one for which he was being tried. It was complained by appellant that there was neither allegation nor proof of legal formation of the grand jury returning the prior indictments, but the excerpt from that opinion disposed of it adversely to Timberlake's contention, and it was done by invoking the presumption referred to, even if the indictment should have charged such facts.

The case of Biggerstaff v. Commonwealth, 11 Bush 169, involved a prosecution for false swearing, and which consisted in defendant's false oath that he was 21 years of age and qualified to vote at an election. The oath was administered by one of the officers of the election, and it was shown that he himself had not taken an oath at the time of assuming to act as such. Biggerstaff's conviction in the circuit court was reversed on appeal upon the ground that the statute required the accused, before giving his alleged false testimony, to be sworn "by a person authorized by law to administer an oath," and that it affirmatively appeared in that case by competent testimony that the election officer who administered the oath in that case was himself unauthorized to do so. However, the court was careful to distinguish between presumptions supporting an oath administered by such an officer, and one required to be administered by a court regularly organized and having jurisdiction in the premises. If the alleged violated

oath was required to be administered by such court we said in that case that the burden then "devolved upon the prisoner of showing the want of proper legal authority," in the person who swore him. However, it was therein held that, since the alleged false oath in that case was not taken, or the false testimony given, in a regular and duly organized court, it devolved upon the commonwealth to prove the authority of the election officer who swore defendant when he gave his alleged false testimony.

The opinion in the case of Meredith v. Com., 201 Ky. 809, 258 S. W. 686, is not in conflict with the general rule as above stated with reference to presumptions in favor of regularly constituted courts of original jurisdiction. In that case the indictment under investigation was returned by a grand jury impaneled—not by the presiding judge of the court—but by the commonwealth's attorney in the absence of the judge who never appeared or presided at any time during the entire term at which the indictment was found. Such facts were affirmatively shown by the record and, of course, we held that the indictment was void because no legal grand jury had ever been impaneled as required by law. Compare also the case of Brittian v. Com., 200 Ky. 461, 255 S. W. 59. Many other cases and innumerable texts could be cited in support of the right to indulge the presumption which we have discussed in favor of courts of recognized jurisdiction in the circumstances of this case, but we do not deem it necessary to do so, since the cases to which we have referred in the absence of others to the contrary are amply sufficient to support our conclusion that subdivisions (a), (b) and (c) of ground (2) are each of them without merit. All the other errors complained of are not only extremely technical, but are, as we conclude, likewise without merit. The verdict is sufficiently supported by the evidence.

Since the chief reliance for reversal, hereinbefore discussed, in disposing of ground (2) is unavailable for the reasons stated, it follows that there exists no prejudicial error authorizing a reversal of the judgment, and it is affirmed.