**Carl LEE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1958.

H. M. Sutton, Corbin, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

The appellant, Carl Lee, was convicted of false swearing, KRS 432.170, and sentenced to three years in the penitentiary. He contends that the indictment was demurrable, that certain evidence admitted against him was both incompetent and prejudicial, and that he was entitled to an affirmative instruction setting out his defense of drunkenness.

According to an abundance of evidence, Carl Lee was seated on the back seat of an automobile which had been driven to the home of Sherman Rice in South Corbin about 5 p. m., December 21, 1956, and from which a shot was intentionally fired injuring Sherman Rice as he walked toward the car in response to a beckoning blast of its horn. Lee was acquitted of the shooting, but testified he was not present at the time —that he "was not along and did not know anything about it, * * * that he was not in the car." Although a number of eyewitnesses testified to his presence on the back seat of the automobile at the time of the shooting, there was plausible testimony that he was dead drunk at the time from a day-long binge. At the present trial he admitted that he had testified that he was not present, but excused it on the ground that if he were present at the time he was too drunk to know it. It was admitted that he had been sworn by the trial judge before giving testimony at his trial for the shooting.

The indictment of Lee for the offense of false swearing recites that he "did unlawfully, feloniously and knowingly swear, depose and give in evidence that which was untrue and false, in the case of the Commonwealth of Kentucky v. James Lee, Carl Lee, and Joe Inman, upon the charge of malicious shooting and wounding * * * one Sherman Rice, a matter judicially pending and being tried before Hon. W. L. Rose, judge of the Whitley Circuit Court aforesaid, * * * that he, the said Carl Lee, was not in an automobile and knew nothing of an automobile being at the home or near the home of one Sherman Rice at the time the said Sherman Rice was shot by James Lee or another or others on the 21st day of December, 1956, * * *."

It is insisted that the indictment does not follow the governing statute, KRS 432.170, for failing to declare that Lee had been "sworn by a person authorized by law to administer an oath" before giving his allegedly untrue testimony. Nor does the indictment follow Criminal Code of Practice, § 134 which requires indictments for perjury to recite "before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it * *." The Commonwealth takes the view that the indictment adequately apprised Lee of the offense of which he was charged, and that the language of the indictment to the effect that the allegedly false testimony was given in "a matter judicially pending and being tried" created an inevitable implication that Lee had been sworn before he testified. As heretofore remarked, it was admitted that Lee actually had been sworn by the trial judge before testifying, so the sole question on this point is whether the indictment itself must be specific in this respect.

 In Young v. Commonwealth, 1938, 275 Ky. 98, 120 S.W.2d 772, we stated that a presumption exists that a grand jury was properly called and qualified, and that it was not essential to an indictment for false swearing committed before the grand jury to state that that body had been duly sworn and authorized to administer the oath to witnesses appearing before it. We do not extend this cloak of a presumed legality to the specific acts of a grand jury. In Sanlin v. Commonwealth, 1926, 212 Ky. 394, 279 S.W. 648, 649, this Court refused to sustain an indictment which failed to declare that the defendant had been administered the oath *before* he swore falsely, although the indictment did say that the oath had been administered to him by "a person authorized to administer an oath." The indictment must set out, it was said, every material fact necessary to be proven at the trial— the indictment is the pleading of the Commonwealth. Certainly, in the case at bar, the indictment fails to specifically set forth the essential fact that the defendant was administered the oath, by a person authorized to administer the oath, before giving his allegedly false testimony at the trial. It is the concensus of the Court that the indictment thus failed to allege a public offense, and a demurrer to it should have been sustained. While this view may appear hypertechnical in the light of the spirit of the new Civil Rules, it must be remembered that it is the Criminal Code of Practice which is applicable here.

 In the event of the re-indictment and re-trial of Lee on the charge, the sheriff should not be permitted to testify as to what people told him about Lee's condition and whereabouts, but he may, of course, state where he found the car and other facts disclosed by his investigation. As to the question raised concerning the instructions, see Morgan v. Commonwealth, 242 Ky. 116, 45 S.W.2d 850; City of Louisville v. Cope, 296 Ky. 207, 176 S.W.2d 390; Reynolds v. Commonwealth, Ky., 257 S.W.2d 514.

The writer of this opinion believes the indictment gave the defendant (appellant) adequate notice of the charge against him, and that, as a consequence, the indictment is a valid one.

The judgment is reversed.

MOREMEN, C. J., and CAMMACK, J., dissent.