**Lester WAGNER, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2006–CA–000900–MR.**

Court of Appeals of Kentucky.

Feb. 29, 2008.

Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Lester Wagner, Eddyville, KY, pro se.

Gregory D. Stumbo, Attorney General of Kentucky, Samuel J. Floyd, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

Before ACREE and STUMBO, Judges; GRAVES,[1] Senior Judge.

## OPINION

STUMBO, Judge.

Lester Wagner (Appellant) appeals the Bell Circuit Court's denial of his motion for a copy of the transcripts of the grand jury proceedings which lead to three separate indictments. Further, he requested that should the circuit court deny his motion, that it enter findings of fact and conclusions of law setting forth its reasoning. In denying Appellant's motion, the circuit court made no findings or conclusions of law. Appellant asks that we reverse the circuit court and direct it to provide him with a copy of the transcripts of the grand jury proceedings. We find that Appellant was not entitled to a copy of these transcripts and that the circuit court was under no obligation to make findings of fact or conclusions of law for this motion.

The details of the underlying criminal offenses in this case are not relevant to this opinion. We note that Appellant entered into a plea agreement with the Commonwealth to resolve three indictments on February 14, 2002. Pursuant to the plea agreement, Appellant was sentenced to a total of seven years in prison.

Subsequent to sentencing, Appellant has filed three Kentucky Rules of Civil Procedure (CR)60.02 motions to vacate the judgment and two Kentucky Rules of Criminal Procedure (RCr) 11.42 motions to vacate or set aside his convictions. Appellant has thoroughly and repeatedly availed himself of available post-conviction procedures.

1. Senior Judge John W. Graves, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

■ Appellant now seeks these grand jury transcripts to, in his words, "perfect a proper post-conviction motion." We find that the circuit court's denial of his motion was correct. Appellant argues that according to case law and RCr 5.16, he is entitled to a copy of the grand jury transcripts. He is correct in that he is entitled to these records, but not solely for use in preparation of post-conviction proceedings. The case law and criminal rule cited by Appellant deal primarily with providing these transcripts during pre-trial preparation. Appellant is not entitled to post-conviction discovery. *Sanders v. Commonwealth,* 89 S.W.3d 380, 394 (Ky.2002); *Haight v. Commonwealth,* 41 S.W.3d 436, 445 (Ky.2001).

Motions for post-conviction relief are to provide a forum for known grievances, not to conduct a fishing expedition. *Haight* at 441. Our Supreme Court has repeatedly held that post-conviction discovery for unspecified reasons is not favored. *Commonwealth v. Bussell,* 226 S.W.3d 96, 103 (Ky.2007); *Mills v. Commonwealth,* 170 S.W.3d 310, 325 (Ky.2005).

Further, Appellant has not alleged that he was not provided with these transcripts during his pre-trial stage. In its brief, the Commonwealth states that Appellant was previously provided with this evidence. In fact, the record contains a video on which Appellant's trial counsel states that she provided Appellant with all discoverable materials she had in her possession.

■ As for the circuit court's failure to enter any findings of fact or conclusions of law as requested by Appellant, we note that the trial court is under no obligation to do so. CR 52.01 states that findings of fact and conclusions of law are not required when ruling upon a motion. Appellant relies upon CR 52.02 to support his request for findings. While CR 52.02 does state in part that upon motion by one of the parties, the court may amend its findings or make additional findings, this rule does not apply to this case. CR 52.02 applies primarily to actions not tried by a jury where findings of fact are not mandatory in rendering a judgment. *Page v. City of Louisville,* 722 S.W.2d 60, 61 (Ky. App.1986).

For the above reasons we affirm the Bell Circuit Court.

ALL CONCUR.