RENDERED: DECEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0271-MR

SIDNEY SMITH                                                                    APPELLANT

v.           APPEAL FROM KENTON CIRCUIT COURT
             HONORABLE KATHLEEN S. LAPE, JUDGE
             ACTION NO. 18-CR-00785

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Sidney Smith appeals from an order of the Kenton

Circuit Court which denied his Kentucky Rules of Criminal Procedure (RCr) 11.42

motion alleging ineffective assistance of counsel. The order also denied his motion

for a copy of the grand jury proceedings in his case. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On March 27, 2018, Appellant sold a quantity of fentanyl to a police informant in Kenton County. On March 28, 2018, and April 4, 2018, Appellant and the informant traveled into Ohio together. Once in Ohio, Appellant sold additional quantities of fentanyl to the informant. On June 28, 2018, Appellant was indicted for three counts of trafficking in a controlled substance in the first degree,[1] two counts of importing fentanyl,[2] and for being a persistent felony offender in the first degree.[3] On April 11, 2019, Smith decided to resolve his case pursuant to a plea agreement that dismissed the two importing charges and recommended a sentence of ten years. Appellant pleaded guilty according to the agreement on April 3, 2019, and was sentenced on June 17, 2019.

On April 7, 2020, Appellant filed a motion to obtain a transcript or recording of the grand jury proceedings in his case. On June 1, 2020, Appellant filed his RCr 11.42 motion alleging ineffective assistance of counsel. Appellant argued that his trial counsel was ineffective because counsel failed to advise him that Kentucky did not have jurisdiction to prosecute him for two of the trafficking charges. More specifically, Appellant claimed that because he sold some of the

---

[1] Kentucky Revised Statutes (KRS) 218A.1412.

[2] KRS 218A.1410.

[3] KRS 532.080(3).

fentanyl to the informant in Ohio, Ohio was the only jurisdiction that could prosecute him for two of the charges. On February 2, 2022, the trial court denied Appellant's RCr 11.42 motion and his motion seeking a recording of the grand jury proceedings. This appeal followed.

## ANALYSIS

We will first address Appellant's argument regarding his allegation of having ineffective assistance of counsel. Generally, to prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial

to the defense in order to constitute ineffective assistance under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citations omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

In addition, because this case involves a guilty plea, we must examine the claim of ineffective assistance of counsel a little differently.

> A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of "the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made." While "[s]olemn declarations in open court carry a strong presumption of verity," "the validity of a guilty plea is not determined by reference to some magic incantation recited at the time it is taken[.]" The trial court's inquiry into allegations of ineffective assistance of counsel requires the court to determine whether counsel's performance was below professional standards and "caused the defendant to lose what he otherwise would probably have won" and "whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory." Because "[a] multitude of events occur in the course of a criminal proceeding which might influence a defendant to plead guilty or stand trial," the trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea.

*Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001) (citations omitted).

After considering the arguments of the parties, we conclude that the trial court did not err in denying Appellant's motion. KRS 218A.010(56) defines "traffic" as "to manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance[.]" Here, even though Appellant sold some of the fentanyl in Ohio, he still possessed the controlled substance in Kentucky and intended to sell it to the informant. In other words, Appellant possessed the fentanyl with intent to sell while he was in Kentucky. This meets the definition of traffic; therefore, Appellant was properly

charged with three counts of trafficking in a controlled substance and there were no jurisdiction irregularities.

In addition, emails contained in the record and statements made by Appellant on the record indicate that Appellant and his trial counsel both recognized the potential jurisdictional argument; however, they ultimately chose not to pursue it.

We now move to Appellant's motion for the recording of the grand jury proceedings. RCr 5.16(3) states that "any person indicted by the grand jury shall have a right to procure" a copy of the transcript or video recording of the grand jury proceedings. We believe the trial court also properly denied this motion. The case of *Wagner v. Commonwealth*, 247 S.W.3d 540, 542 (Ky. App. 2008), states that RCr 5.16(3) does not mandate grand jury transcripts or recordings for post-conviction purposes. This is what occurred in this case and *Wagner* is controlling.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Sidney D. Smith, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky