RENDERED: MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0107-MR

KENNETH L. WRIGHT                            APPELLANT

                APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
                  ACTION NO. 89-CR-000926

COMMONWEALTH OF KENTUCKY              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Kenneth L. Wright appeals from an October 13, 2022, Order of the Jefferson Circuit Court denying his motion for the production of a copy of a grand jury recording from proceedings in 1989. We affirm.

In May of 1989, Wright was charged with murder and other various offenses in the Jefferson Circuit Court. On November 8, 1989, Wright entered a guilty plea to murder, two counts of assault in the first degree, and robbery in the

first degree for which judgment was entered. He was sentenced by the circuit court to life imprisonment and three twenty-year sentences, to run concurrently. In 1994, Wright filed a motion for relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 which was denied by the circuit court. By Opinion of this Court rendered on February 28, 1997, the circuit court's order denying Wright's RCr 11.42 motion was affirmed (Appeal No. 1995-CA-001176-MR).

On September 20, 2022, Wright filed a motion in the Jefferson Circuit Court to obtain a copy of the recording of his 1989 grand jury proceedings pursuant to RCr 5.16(3). The rule states:

> The stenographer or operator of the recording device and any typist who transcribes the stenographer's notes or recordings shall be sworn by the court not to disclose any testimony or the names of any witnesses except to the attorney for the Commonwealth or when testifying in court, and except that <u>any person indicted by the grand jury shall have a right to procure a transcript of any stenographic report or a duplicate of any mechanical recording relating to his or her indictment or any part thereof upon payment of its reasonable cost</u>.

(Emphasis added.)

The Commonwealth responded in its brief that an audio recording of the grand jury proceedings would have been made in 1989, but said recording no longer exists, having been "destroyed in the normal course of government business." Commonwealth's Brief at 2. The Commonwealth also correctly points out that Wright's motion was filed more than thirty-three years after his indictment

-2-

in 1989. The Commonwealth asserts that even if the recording still existed, Wright would not be entitled to a copy of the grand jury proceedings since he is no longer a person under indictment. On October 13, 2022, the Jefferson Circuit Court denied the motion to produce without a hearing. This appeal followed.

On appeal, Wright argues that the language of RCr 5.16(3) is mandatory, so the trial court committed clear error in not granting his motion. He also argues the trial court abused its discretion in failing to grant an evidentiary hearing on the motion. In response, the Commonwealth states that Wright's defense counsel was aware of his right to request grand jury transcripts and in fact filed pretrial motions regarding the makeup of the grand jury in 1989. The Commonwealth asserts that post-conviction motions are not permitted as a "fishing expedition" and the circuit court was not required to order production of a recording that no longer exists. Finally, the Commonwealth argues there are no material issues of fact that cannot be resolved upon review of the record, thus negating the necessity for an evidentiary hearing.

Based on our review of the record, we agree with the Commonwealth's arguments. Wright is mistaken in believing that he is entitled to a grand jury transcript or recording more than thirty-three years after his indictment and conviction. RCr 5.16 is only mandatory in requiring that the Commonwealth cause testimony before the grand jury to be recorded, (RCr 5.16(1)

and (2)), which is not at issue. RCr 5.16(3) simply requires that the recording be made available to those indicted. If Wright did not avail himself of that right after his indictment, there certainly exists no legal basis for production of the recording after Wright entered a guilty plea and has served more than thirty-three years of his prison sentence.

We find the authority cited by the Commonwealth to be controlling. In *Wagner v. Commonwealth*, 247 S.W.3d 540, 542 (Ky. App. 2008), this Court held that RCr 5.16(3) and the case law pertaining thereto "deal primarily with providing these transcripts during pre-trial preparation." In denying a motion to produce a grand jury transcript, *Wagner* held that defendants are not entitled to "post-conviction discovery," and post-conviction motions are for adjudicating known grievances, "not to conduct a fishing expedition." *Id.*

Wright cites some case authority for the proposition that a conviction can be overturned if a grand jury was improperly selected. This signals to the Court that Wright is seeking the grand jury recording as a "fishing expedition" to find errors below. As noted, Wright has previously filed an RCr 11.42 post-conviction challenge in 1994, without success. In that motion, he also argued his counsel was ineffective for failing to challenge the composition of the grand jury. The issue of the recording was not raised nor do we have any way of knowing if appointed counsel in the RCr 11.42 proceeding had access to the recording in

1994. Regardless, to the extent there was any issue with the jury's makeup or defect in the indictment, Wright has waived this argument by entering his guilty plea in 1989. *Thomas v. Commonwealth*, 931 S.W.2d 446, 449-50 (Ky. 1996).

Finally, we agree that there is no necessity for an evidentiary hearing in this case, as there are no disputed material facts that cannot be resolved from the record below. The official court record contains the indictment returned by the grand jury in 1989, Wright's guilty plea, and the final judgment of the circuit court – all of which serve to establish that Wright's request is untimely, coming more than thirty-three years after his indictment and conviction. And, the Commonwealth cannot produce that which no longer exists. The circuit court did not abuse its discretion in denying the motion.

For the foregoing reasons, the October 13, 2022, Order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kenneth L. Wright, *Pro Se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky