RENDERED: DECEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0385-MR

LEE ALLEN CANAFAX                                   APPELLANT

v.             APPEAL FROM SCOTT CIRCUIT COURT
                HONORABLE JEREMY M. MATTOX, JUDGE
                ACTION NO. 09-CR-00166

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: Lee Allen Canafax (Canafax) appeals from two orders of the

Scott Circuit Court, both entered February 29, 2024, denying his motions to vacate

his judgment pursuant to Kentucky Rules of Civil Procedure (CR) 60.02 and to

compel the production of grand jury records. After careful review of the briefs,

record, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Canafax was indicted by the Scott County grand jury for sexual crimes against his great niece in December 2009. He pled guilty to first-degree sodomy, Kentucky Revised Statute (KRS) 510.070, and to three counts of first-degree sexual abuse, KRS 510.110, and he was sentenced to twenty-seven years' incarceration in July 2011.

In 2014, Canafax filed a motion to vacate his conviction pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The court resolved the motion by an agreed order dismissing one count of first-degree sexual abuse, conforming Canafax's conviction to the indictment, and reducing his sentence to twenty-two years. Then, in 2019, Canafax filed a CR 60.02 motion arguing that the Commonwealth had fraudulently misstated the commission dates of his crimes in the indictment solely to take advantage of a statutory amendment increasing the applicable penalties. The circuit court denied the motion, and a panel of this Court affirmed in July 2023. *Canafax v. Commonwealth*, 691 S.W.3d 296 (Ky. App. 2023).

In October 2023, Canafax filed the motions at issue in this appeal. In the first motion, Canafax sought to compel the Commonwealth or the Circuit Court Clerk to produce records of the grand jury proceedings and specifically requesting video recordings of the grand jury being sworn in, the indictment hearing, and the

-2-

grand jury's deliberations. In the second motion, made pursuant to CR 60.02(e),[1] Canafax argued that the judgment of conviction was void because the Commonwealth and the Circuit Court Clerk had each answered that there were no records responsive to his requests. The court denied both motions via orders entered February 29, 2024. The court concluded therein that there was no basis to grant the motion to compel because the Commonwealth had already provided the record of the grand jury testimony during discovery and no video records existed. Additionally, the court determined that Canafax's CR 60.02 claims were time barred and barred by *res judicata*. This appeal timely followed.

## STANDARD OF REVIEW

CR 60.02 provides that, "[o]n motion a court may, upon such terms as are just, relieve a party . . . from its final judgment [if] . . . the judgment is void[.]" We review the denial of CR 60.02 motions and matters involving discovery for an abuse of discretion. *See Young v. Richardson*, 267 S.W.3d 690, 697-98 (Ky. App. 2008); *Manus, Inc. v. Terry Maxedon Hauling, Inc.*, 191 S.W.3d 4, 8 (Ky. App. 2006). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

---

[1] The motion also cited CR 60.02(d) and (f), allowing relief from judgments affected by fraud or for any reason of an extraordinary nature; however, Canafax has not raised any specific argument under these provisions on appeal.

## ANALYSIS

On appeal, Canafax argues that the court erred in dismissing his CR 60.02(e) motion as untimely and successive because the judgment of conviction is void, and void judgments are subject to correction at any time. The Commonwealth argues we should affirm because of the long-recognized rule that courts will not consider untimely motions or motions reciting grounds for relief that have been or should have been raised earlier. *See McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997); *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983); *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011).

Although the Commonwealth is correct regarding the general rule, an exception for void judgments was recognized by the Supreme Court of Kentucky in *Phon v. Commonwealth*, 545 S.W.3d 284, 306-07 (Ky. 2018). Therein, after acknowledging that Phon's CR 60.02 motion had not been made in a timely or appropriate manner, the Court stated that the movant was still entitled to relief because "the law is clear that void judgments are not entitled to any respect or deference by the courts." *Id.* (internal quotation marks and citations omitted); *See also Grundy v. Commonwealth*, 400 S.W.3d 752, 755 (Ky. App. 2013).

Nevertheless, we may affirm for any reason supported by the record, *Fischer v. Fischer*, 348 S.W.3d 582, 590 (Ky. 2011), *abrogated on other grounds*

*by Nami Resources Company, L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323 (Ky. 2018), and we agree with the Commonwealth's alternative claim that the judgment of conviction is not void.

Errors in grand jury proceedings can be severe enough to void a judgment. *See Beach v. Lady*, 262 S.W.2d 837 (Ky. 1953) (judgment void when Commonwealth admitted that indictment was returned by a special grand jury that had not been called or selected in accordance with statutory law); *Mederith v. Commonwealth*, 201 Ky. 809, 258 S.W. 686 (1924) (judgment void when Commonwealth admitted that grand jury was not impaneled or sworn by a judge, as required by statute, and that a judge was not present when the indictment was returned, as required by rule). Canafax, however, has not identified any affirmative evidence even suggesting that an irregularity occurred during the grand jury proceedings in this matter. Rather, his assertion that his judgment is void is based solely on the fact that there is no record, especially video record, of the grand jury proceedings.

Canafax's belief that there must be a video record of the grand jury proceedings arises from his misreading of RCr 5.16 and RCr 5.20. Contrary to his argument, neither rule mandates that the grand jury proceedings, in whole or in part, be recorded by video. RCr 5.16 requires only that grand jury *testimony* be recorded (although not necessarily by video) and retained by the Commonwealth,

or the indictment may be dismissed. Similarly, RCr 5.20 merely states that "[a]ll indictments shall be returned to the circuit judge by the foreperson in the presence of the grand jury in open court, and thereupon shall be filed with the clerk of the court and retained in the clerk's office as public records."

Here, the record establishes that the requirements of RCr 5.16 and RCr 5.20 were met. Canafax does not dispute that a record of the grand jury testimony was turned over in discovery, as the court concluded, which necessarily means the Commonwealth complied with its obligations under RCr 5.16. Additionally, the filed indictment, signed by the grand jury foreperson and a deputy circuit clerk, recites that the various requirements of RCr 5.20 were observed.

Moreover, the absence of a video record, or of any other type of record, documenting the selection of the grand jurors and the grand jurors' subsequent actions does not overcome the presumption in favor of the regularity of court proceedings. *Young v. Commonwealth*, 275 Ky. 98, 120 S.W.2d 772 (1938) ("[I]t is a universally accepted and applied presumption that [the court] . . . has performed its duty and followed mandatory requirements enjoined upon it by law. [T]he mere failure of [the] record to show such affirmative steps and actions will not be allowed to overcome that presumption."). Accordingly, Canafax's assertion

that his judgment is void is without merit, and the court did not abuse its discretion in denying his CR 60.02 motion.

Finally, to the extent Canafax argues that the court erred when it denied his motion to compel the Commonwealth to produce a copy of the grand jury testimony in his case, we again disagree. Canafax relies on RCr 5.16(3), which states that a criminal defendant may obtain a copy of the record. However, in *Wagner v. Commonwealth*, 247 S.W.3d 540, 542 (Ky. App. 2008), this Court affirmed the denial of a similar motion, concluding that RCr 5.16(3) applies to pre-trial preparation and reiterating that there is no right to discovery in post-conviction proceedings. We find this reasoning compelling and conclude that the court did not abuse its discretion when it denied Canafax's motion.

## CONCLUSION

For the foregoing reasons, the orders of the Scott Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Lee Allen Canafax
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky